UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

    Plaintiffs,

v.        CASE NO.:  6:23-CV-1824-RBD-LHP

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
MARCOS LOPEZ, in his official capacity
as Sheriff of Osceola County,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES, BY DEFENDANTS KOFFINAS, YACOUB, AND SHERIFF LOPEZ

Defendants SCOTT KOFFINAS, in his individual capacity, RAMY YACOUB, in his individual capacity, and MARCOS LOPEZ, in his official capacity as Sheriff of Osceola County, Fla., hereby answer Plaintiffs' Complaint (Dkt. 1), as follows:

    1.    Irrelevant as this is a claim founded on federal question jurisdiction.

    2.    Liability and damages are denied.

3. This is a correct statement of 42 U.S.C. §1983. Liability is denied.

4. Admitted.

5. Admitted that the Court has jurisdiction over the §1983 claims pursuant to 28 U.S.C. §1331; denied that there is jurisdiction over this case pursuant to 28 U.S.C. §1343(a)(3)-(4) as no such claims are brought, or could be brought, under that statute on the facts in this matter.

6. Admitted that the Sheriff received a notice of claim as to Plaintiff Gomez dated May 6, 2022, and a notice of claim as to Plaintiff Joi dated May 13, 2022. Admitted that the Sheriff received notice of claim as to Plaintiff Baez dated March 2, 2022, but denied that the notice of claim met the statutory requirements of Ch. 768.28, Fla. Stat., in that it omits certain required information, such as date of birth and social security number. Admitted that the Sheriff received notice of claim as to Plaintiff Lowe dated May 2, 2022, but denied that the notice of claim met the statutory requirements of Ch. 768.28, Fla. Stat., in that it omits certain required information, such as social security number. All notices of claim are insufficient as they mis-state the date of the incident or mis-state the date of the notice.

7. Denied, including but not limited to, the failures noted above as to the notices of claim.

8. Without knowledge and therefore denied. Irrelevant.

9. Without knowledge and therefore denied. Irrelevant.

10. Admitted, but noted that all of Ch. 768.28, not just subsection 9, governs certain claims.

11. Irrelevant.

12. Irrelevant.

13. Admitted.

14. Defendants re-state their responses to the preceding paragraphs.

15. Admitted.

16. Denied as framed. It is generally admitted that the Sheriff's Office was conducting training nearby when alerted to criminal activity by the plaintiffs.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied as framed. It is admitted that there was criminal activity by the plaintiffs.

24. Denied as framed. It is admitted that there was criminal activity by the plaintiffs.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Irrelevant to any claim in the case.

40. Irrelevant to any claim in the case.

41. Irrelevant to any claim in the case.

42. Admitted that Baez died. Liability is denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied as framed, incomplete.

51. Denied as framed, incomplete.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT I - §1983 CLAIM FOR EXCESSIVE USE OF FORCE BY GOMEZ AGAINST KOFFINAS

59. Defendants restate their responses to the allegations above, as if fully stated herein.

60. Denied.

61. Denied.

62. Denied.  The force was reasonable under the circumstances.

Defendants deny the Wherefore clause.

## COUNT II - §1983 CLAIM FOR EXCESSIVE USE OF FORCE BY LOWE AGAINST KOFFINAS

63. Defendants restate their responses to the allegations above, as if fully stated herein.

64. Denied.

65. Denied.

66. Denied. The force was reasonable under the circumstances.

Defendants deny the Wherefore clause.

## COUNT III - §1983 CLAIM FOR EXCESSIVE USE OF FORCE BY JOI AGAINST KOFFINAS

67. Defendants restate their responses to the allegations above, as if fully stated herein.

68. Denied.

69. Denied.

70. Denied. The force was reasonable under the circumstances.

Defendants deny the Wherefore clause.

## COUNT IV - §1983 CLAIM FOR EXCESSIVE USE OF FORCE BY GOMEZ AGAINST YACOUB

71. Defendants restate their responses to the allegations above, as if fully stated herein.

72. Denied.

73. Denied.

74. Denied. The force was reasonable under the circumstances.

Defendants deny the Wherefore clause.

## COUNT V - §1983 CLAIM FOR EXCESSIVE USE OF FORCE BY LOWE AGAINST YACOUB

75. Defendants restate their responses to the allegations above, as if fully stated herein.

76. Denied.

77. Denied.

78. Denied. The force was reasonable under the circumstances.

Defendants deny the Wherefore clause.

## COUNT VI - §1983 CLAIM FOR EXCESSIVE USE OF FORCE BY JOI AGAINST YACOUB

79. Defendants restate their responses to the allegations above, as if fully stated herein.

80. Denied.

81. Denied.

82. Denied. The force was reasonable under the circumstances.

Defendants deny the Wherefore clause.

## COUNT VII - §1983 CLAIM FOR EXCESSIVE USE OF FORCE BY BAEZ AGAINST YACOUB

83. Defendants restate their responses to the allegations above, as if fully stated herein.

84. Denied.

85. Denied.

86. Denied.  The force was reasonable under the circumstances.

Defendants deny the Wherefore clause.  Defendants also specifically deny that a claim for hedonic damages or for "deprivation of life" is cognizable in this count, or under the circumstances of this case.

## COUNT VIII - §1983 CLAIM AGAINST SHERIFF LOPEZ, IN HIS OFFICIAL CAPACITY AS SHERIFF OF OSCEOLA COUNTY, FLORIDA, BY ALL PLAINTIFFS

87. Defendants restate their responses to the allegations above, as if fully stated herein.

88. Denied.

89. Denied.

Defendants deny the Wherefore clause.

## COUNT IX – STATE LAW CLAIM AGAINST SHERIFF LOPEZ, IN HIS OFFICIAL CAPACITY AS SHERIFF OF OSCEOLA COUNTY, FLORIDA, BY ALL PLAINTIFFS

90. Defendants restate their responses to the allegations above, as if fully stated herein.

91. Liability is denied. The entire count fails to state claim on which relief may be granted.

92. Defendant Sheriff does not contend that the involved deputies acted outside the course and scope of their appointment as deputies, or that they acted in bad faith, with malice, or with wanton and willful disregard of human rights, safety or property. The correct Defendant on the state law tort claim is the Sheriff. Liability, however, is denied.

93. Defendant Sheriff does not contend that the involved deputies acted outside the course and scope of their appointment as deputies, or that they acted in bad faith, with malice, or with wanton and willful disregard of human rights, safety or property. The correct Defendant on the state law tort claim is the Sheriff. Liability, however, is denied.

94. Defendant Sheriff does not contend that the involved deputies acted outside the course and scope of their appointment as deputies, or that they acted in bad faith, with malice, or with wanton and willful disregard of human rights, safety or property. The correct Defendant on the state law tort claim is the Sheriff. Liability, however, is denied.

95. Defendant Sheriff does not contend that the involved deputies acted outside the course and scope of their appointment as deputies, or that they acted in bad faith, with malice, or with wanton and willful disregard of human rights, safety

or property.  The correct Defendant on the state law tort claim is the Sheriff. Liability, however, is denied.

96.    Defendant Sheriff does not contend that the involved deputies acted outside the course and scope of their appointment as deputies, or that they acted in bad faith, with malice, or with wanton and willful disregard of human rights, safety or property.  The correct Defendant on the state law tort claim is the Sheriff. Liability, however, is denied.

Defendants deny the Wherefore clause.  Defendants also explicitly deny that the law provides for "separate judgments" which, when combined, would exceed the sovereign immunity limitations of Ch. 768.28, Fla. Stat., including the capitations on verdicts, judgments, or collection of same described in §768.28(5), Fla. Stat.

## General Denial

Any allegation of the Complaint not expressly admitted herein is denied. Liability is denied in any respect.  The seizure and any use of force to accomplish seizure was justified and reasonable under the circumstances.  Damages are denied.

## First Affirmative Defense

As to all §1983 claims against him, including but not limited to Counts I – III, Defendant Koffinas acted at all times in his discretionary authority as an Osceola County Sheriff's Deputy and did not violate clearly established law such that he is entitled to qualified immunity on all §1983 individual capacity claims against him.

### Second Affirmative Defense

As to all §1983 claims against him, including but not limited to Counts IV-VII, Defendant Yacoub acted at all times in his discretionary authority as an Osceola County Sheriff's Deputy and did not violate clearly established law such that he is entitled to qualified immunity on all §1983 individual capacity claims against him.

### Third Affirmative Defense

As to the state law claim against the Sheriff in his official capacity in Count IX, any claim based on policy-making or executive level decision-making is barred by the doctrines of separation of powers and sovereign immunity, and such immunity has not been waived by Ch. 768.28, Fla. Stat.

### Fourth Affirmative Defenses

As to the state law claim against the Sheriff in his official capacity in Count IX, all state law claims against the Sheriff are subject to the benefits and limitations on liability described in Ch. 768.28, Fla. Stat., including but not limited to limitations and capitations on verdicts or judgments, or collection of same, as described in §768.28(5), Fla. Stat.

### Fifth Affirmative Defense

The demand for "compensation for the deprivation of life" in Count VII, and to the extent contemplated elsewhere in the Complaint, fails to state a claim upon which relief may be granted. Damages in §1983 claims are described by state law

11

and, in Florida in the event that the incident causes the death of a person, that person's hedonic damages, damages for "loss of life," or that person's pain and suffering, are not cognizable.

### Sixth Affirmative Defense

To the extent that any Plaintiff in Count IX intends to state a claim for negligence, Plaintiff Gomez was himself negligent and any negligence by Gomez caused or contributed to his injuries and the injuries of other Plaintiffs such that his negligence represents both comparative and third-party fault and should be accounted for and apportioned by the jury in trial of this matter.

### Seventh Affirmative Defense

To the extent that any Plaintiff in Count IX intends to state a claim for negligence, Plaintiff Lowe was himself negligent and any negligence by Lowe caused or contributed to his injuries and the injuries of other Plaintiffs such that his negligence should be accounted for and apportioned by the jury in trial of this matter.

### Eighth Affirmative Defense

To the extent that any Plaintiff in Count IX intends to state a claim for negligence, Plaintiff Joi was himself negligent and any negligence by Joi caused or contributed to his injuries and the injuries of other Plaintiffs such that his negligence represents both comparative and third-party fault and should be accounted for and apportioned by the jury in trial of this matter.

## Ninth Affirmative Defense

To the extent that any Plaintiff in Count IX intends to state a claim for negligence, Plaintiff Baez was himself negligent and any negligence by Baez caused or contributed to his injuries and the injuries of other Plaintiffs such that his negligence represents both comparative and third-party fault and should be accounted for and apportioned by the jury in trial of this matter.  In particular, Baez drove the vehicle in which all plaintiffs were traveling in such a manner as to reasonably cause deputies to fear for their lives directly causing the deputies' use of force.

Should it later be determined that Baez was under the influence of drugs or alcohol to the extent that his normal faculties were impaired, or that he had a blood alcohol level of 0.08 percent or higher, and as a result he was more than 50 percent at fault, then this affirmative defense may be amended to assert that all claims by the Estate of Baez are barred by §768.36(2), Fla. Stat.

## Tenth Affirmative Defense

Defendant Koffinas was justified in his use of force in that he reasonably believed that such force was necessary to defend himself from another's imminent use of unlawful force against him, and he was in a place where he had a lawful right to be and he had no duty to retreat.  §776.012, Fla. Stat.; §776.032, Fla. Stat.; § 776.05(1), Fla. Stat.

### Eleventh Affirmative Defense

Defendant Yacoub was justified in his use of force in that he reasonably believed that such force was necessary to defend himself from another's imminent use of unlawful force against him, and he was in a place where he had a lawful right to be and he had no duty to retreat.  §776.012, Fla. Stat.; §776.032, Fla. Stat.; § 776.05(1), Fla. Stat.

### Twelfth Affirmative Defense

Defendant Sheriff Lopez is not liable for the actions of the deputy defendants because the deputy defendants were justified in their use of force in that they reasonably believed that such force was necessary to defend themselves from another's imminent use of unlawful force against them, and they were in a place where they had a lawful right to be and they had no duty to retreat.  §776.012, Fla. Stat.; §776.032, Fla. Stat.; § 776.05(1), Fla. Stat.

### Thirteenth Affirmative Defense

Defendants are entitled to a set-off of any benefit paid or payable on account of the injuries or damages claimed in this case.

### Fourteenth Affirmative Defense

Third parties, not formal parties to this case, were negligent or at fault and their negligence or fault caused or contributed to the injuries or damages claimed by all Plaintiffs.  The negligence of those third parties represents third-party fault under

*Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), which should be accounted for and apportioned by the jury in trial of this matter.  At this time, the Defendant can identify only Target Corporation as a possible third party to be included on the verdict form under this defense based on the allegations in United States District Court Case No. 6:23-cv-00816.  If discovery identifies other such parties, the defense will be amended to specify their identities under *Nash v. Wells Fargo Guard Services, Inc.*, 678 So.2d 1262 (Fla. 1996).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___1st___ day of November, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark NeJame, Esq. (*mark@nejamelaw.com*), Albert J. Yonfa, Esq. (*albert@nejamelaw.com*), DeLayne Penland, Esq. (*delayne@nejamelaw.com*), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801.

        *s/ Thomas W. Poulton*
        THOMAS W. POULTON, ESQ.
        Florida Bar No.: 83798
        *poulton@debevoisepoulton.com*
        JEFFREY K. GRANT, ESQ.
        Florida Bar No.: 91197
        *grant@debevoisepoulton.com*
        DeBEVOISE & POULTON, P.A.
        Lakeview Office Park, Suite 1010
        1035 S. Semoran Boulevard
        Winter Park, Florida 32792
        Telephone: 407-673-5000
        Facsimile: 321-203-4304
        Attorneys for Defendants
        Sheriff Lopez, Koffinas and Yacoub