UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual, JOSEPH LOWE, an individual,
IAN JOI, an individual,
and ALEJANDRO BAEZ and JOSEPHINE CARTAGENA, as Co-Representatives of the Estate of JAYDEN BAEZ,

    Plaintiffs,

vs.

SCOTT KOFFINAS, an individual,
RAMY YACOUB, an individual,
MARCO LOPEZ, in his official capacity as Sheriff of Osceola County,

    Defendants.

CASE NO.: 6:23-CV-1824-GAP-LHP

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF SECOND AMENDED MOTION TO AMEND COMPLAINT**

Plaintiffs, MICHAEL GOMEZ, JOSEPH LOWE, IAN JOI, and ALEJANDRO BAEZ and JOSEPHINE CARTAGENA, as Co-Representatives of the Estate of JAYDEN BAEZ, by and through their undersigned counsel, and as ordered by the Court, hereby file this reply memorandum in support of the Second Amended Motion to Amend the Complaint (Dkt. 24).

1

Defendants begrudgingly concede that Fed. R. Civ. P. 15 contemplates liberal amending of pleadings, especially with regard to a Grand Jury report which was not available until February 29, 2024 or six (6) days after the time set by the Court in its scheduling order for amending the complaint. Nonetheless, Defendants mistakenly believe that the Grand Jury report may be subject to hearsay or lack of competency objections. (Dkt. 26, p. 8, note 2). That position is completely contradicted by the specific language set forth in Rule 803 of the Federal Rules of Evidence, which is more fully discussed below.

**Point I: Compliance with Federal Rule of Civil Procedure 16(b)(4)**

The timing of the public release of that Grand Jury report with its critical and relevant findings, by itself, establishes good cause under Fed. R. Civ. P. 16(b)(4) for this Court to permit an amended pleading outside the scheduling order previously entered. Defendants begrudgingly concede this very point: "Defendants note that while the timing of the release of the grand jury presentment on February 29, 2024 might represent good cause to allow amendment after the February 23, 2024 deadline…." (Dkt. 26, p. 2). Clearly, there is "good cause" to permit the amendment of the underlying complaint which now incorporates the Grand Jury findings. Respectfully, the Court should permit the modification of the schedule to accommodate the inclusion of the Grand Jury report under Fed. R. Civ. P. 16(b)(4).

**Point II: Good Cause Exists to Amend the Complaint**

Defendants' more substantive concern is that the proposed amended complaint seeks "to add an entirely new claim by one plaintiff, Baez, against Defendant Koffinas" to the original complaint, and to drop a state law claim of negligence under Fla. Stat. 768.28. (Dkt. 26, p. 2). With respect to the latter issue, Defendants can point to no legally cognizable harm by having to face only one theory of prosecution in the amended complaintas opposed to two theories of prosecution in the original complaint. The quantum of proof on the state law negligence claim, §768.28, is far lower than the quantum of proof under 42 U.S.C. §1983. Civil rights violations require proof of acts of intentionality or reckless disregard, while the state negligence claims merely require a showing of neglect or lack of care.

This is not naïveté on the part of defense counsel, but a calculated effort to givethe jury an option of finding only the Sheriff vicariously liable for negligence of his deputies, who are thereby effectively immunized, with the damages strictly limited by law (unbeknownst to the jury) to no more than $300,000, regardless of the amount of the judgment Fla. Stat. 768.28(5)(a). Yacoub and Koffinas are thereby immunized under the provisions of Fla. Stat. 768.28(9)(a) unless found to be acting with bad faith or malicious purpose.

In the original complaint, only Defendant Yacoub was charged with the shooting death of Jayden Baez given his direct proximity to the driver and admissions which were later confirmed in the FDLE report, that he was the officer to have shot and killed Baez. In the Answer filed by defense counsel, there was an unequivocal denial in paragraph 34 of the Answer (*see* Dkt. 16, p. 4) that Yacoub (standing in front of the Audi vehicle) fired the fatal bullets into decedent Baez sitting in the driver seat as was alleged in the original complaint in paragraph 34. (Dkt. 1, p. 9). This denial contradicts Yacoub's statements to FDLE that he fired into the front of the car and aimed towards the driver, Baez.

Assuming the truthfulness of Yacoub's 11th hour denial, that would leave Koffinas as the only other officer to have fired the fatal bullets into the driver. Notwithstanding the shotgun nature of the denials which dominated the Answer, and assuming defense counsel's compliance with Fed. Civ. P. Rules 8(b) and 11(b)(4) in making those denials, it is now prudent to allege, in the alternative, that Koffina may have fired the fatal shot. Since no depositions have been taken as of yet, there is no prejudice to Defendants to expand the scope of potential liability, given the shotgun denials which now directly contradict Yacoub's statements to FDLE.

The Grand Jury report fully supports this current equivocation regarding the identity of the actual killer in the pending motion to amend: "This resulted in both

Sergeant Yacoub and Sergeant Scott Koffinas discharging their firearms into the Audi, killing the driver, Jaden Baez, and injuring two passengers, Joseph Lowe and Michael Gomez." *See* Report of Grand Jury, p. 7, attached to the proposed amended complaint. Ultimately, of course, this becomes a question of fact for a jury in this matter as to which officer or whether both may have shot and killed the decedent. This scenario may well require separate counsel for each of the officers, a matter which is outside the scope of this motion to amend the complaint.

**Point III: Admissibility of the Report of the Grand Jury**

Oddly enough, Defendants appear to doubt the admissibility of the Report of the Grand Jury at the trial of this matter, stating that [t]he grand jury conclusions are themselves "hearsay, arrived at by persons, who no doubt mean well but are notsubject matter experts, during secret proceedings, with no opportunity for the defense to have cross examined witnesses or present a case…." (Dkt. 26, p. 6). Fed. Rule of Evidence 803(8)(A)(iii) and (B) permits admissibility "in a civil case … [of] factual findings from a legally authorized investigation; and neither the source of information nor othercircumstances indicate a lack of trustworthiness." The opening statement in Rule 803 makes clear that such findings "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness."

As the Grand Jury report states, "[w]e invited Sheriff Marcos Lopez to come testify before us so that he could have an opportunity to address our concerns with his

5

agency's actions. He declined to appear before us." Report of Grand Jury, p.12. Unfortunately for the Sheriff, it is too late for his lawyers to cry spilled milk.

The amendment of the complaint to include the Grand Jury report should be allowed.

**Point IV: Defendants Misunderstand the Application of the Monell doctrine**

Defendants seem confused about the *Monell* doctrine of agency liability for the actions of the agency's employees. The Grand Jury report focused on the lack of adequate training by the Sheriff. A lack of adequate training may result in agency liability under *City of Canton, Ohio v. Harris,* 489 U.S. 378 (1989). That was the issue which the Grand Jury addressed and the *Canton* case was cited in the amended complaint to establish agency liability for lack of adequate training. The holding in *Monell* has nothing to do with the Grand Jury findings of lack of adequate training.

The amended complaint also addressed the issue of ratification, which was *not* addressed by the Grand Jury. Ratification by the head of the agency of unconstitutional conduct by its employees, can create agency liability. That was the holding in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978). Post-event ratification was adequately pled in the amended complaint to establish agency liability but was not the subject of the Grand Jury proceedings.

Accordingly, the Second Amended Motion to Amend should be granted.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed this 5th day of April 2024, using the CM/ECF portal filing system which will send an electronic copy of the foregoing to all counsel of record.

/s/ Mark E. NeJame _____
Mark E. NeJame, Esquire
Florida Bar Number: 310931
Stephen J Calvacca, Esquire
Florida Bar Number: 561495
STEPHEN J. CALVACCA, P.A.
*Of Counsel to NeJame Law, P.A.*
NEJAME LAW, P.A
189 South Orange Ave., Ste. 1800
Orlando, FL 32801
PH: (407) 500-0000
F: (407) 802-1448
mark@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
Attorney(s) for Plaintiffs