# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL GOMEZ, and individual,
IAN JOI, an individual, JOSEPH
LOWE, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
of the Estate of JAYDEN BAEZ,

       Plaintiffs,

v.

       Case No:   6:23-cv-1824-GAP-LHP

SCOTT KOFFINAS, an individual,
RAMY YACOUB, and individual, and
MARCO R. LOPEZ, in his official
capacity as Sheriff of Osceola County,

       Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' SECOND AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT WITH INCORPORATED MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND (Doc. No. 24)** |
| **FILED:** | **March 22, 2024** |

<div style="border: 1px solid black; padding: 8px;">

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

</div>

On September 20, 2023, Plaintiffs Michael Gomez, Ian Joi, Joseph Lowe, and Alejandro Baez and Josephine Cartagena (as co-representatives of the estate of Jayden Baez) (the "Baez Estate") filed suit against Defendants Scott Koffinas, Ramy Yacoub, and Osceola County Sheriff Marco Lopez alleging claims under the Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983 and Fla. Stat. § 768.28(9)(a). Doc. No. 1. In sum, Plaintiffs allege Defendants Koffinas and Yacoub exhibited "excessive and unreasonable" force in responding to an alleged shoplifting incident by opening fire through the front and back windshields of a car occupied by Plaintiffs, resulting in Jayden Baez's death, physical injuries to Plaintiff Gomez, and "great emotional and psychological trauma" to Plaintiffs Gomez, Lowe, and Joi. *Id.* ¶¶ 22, 31, 32, 34, 38. The Complaint at present alleges claims of excessive force by Michael Gomez, Joseph Lowe, and Ian Joi against Scott Koffinas (Counts I-III); claims of excessive force by these same three Plaintiffs against Ramy Yacoub (Counts IV-VI); a claim of excessive force by the Baez Estate against Ramy Yacoub (Count VII); a municipal liability *Monell* claim by all Plaintiffs against Sheriff Lopez (Count VIII); and a tort claim under Fla. Stat. § 769.28(9)(a) by all Plaintiffs against Sheriff Lopez (Count IX). Doc. No. 1.

On November 13, 2023, the Court issued a Case Management and Scheduling Order ("CMSO"), which set a deadline of February 23, 2024 to add parties or amend

pleadings.   Doc. No. 18, at 1.   On March 22, 2024, four (4) weeks after the expiration of that deadline, Plaintiffs filed the present motion, through which they seek to file an amended complaint.   Doc. No. 24.[1]   Specifically, Plaintiffs wish to add factual allegations arising from grand jury presentment findings related to this action, to add one claim by the Baez Estate against Scott Koffinas for excessive force under the Fourth Amendment, and to remove Plaintiffs' Fla. Stat. § 768.28(9)(a) claim against Sheriff Lopez (Count IX).   *Id.*   Defendants oppose the motion, and Plaintiffs have filed an authorized reply.   Doc. Nos. 26, 30.[2]   The motion is therefore ripe for review.

Ordinarily, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."   Fed. R. Civ. P. 15(a).   In this case, however, Defendants have previously answered the complaint (Doc. No. 16), and the deadline to amend pleadings has expired.   *See*

---

[1] This is Plaintiffs' third attempt to file a motion for leave to amend.   The first was denied without prejudice for failure to comply with Local Rule 3.01(a).   Doc. Nos. 20, 22. The second was denied as moot when Plaintiffs filed the present motion.   Doc. Nos. 23, 25.

[2] The Court struck Plaintiffs' first reply for failure to comply with the typography and spacing requirements in Local Rule 1.08.   Doc. Nos. 28, 29.

Doc. No. 18, at 1. Thus, in order to obtain their requested relief, Plaintiffs must obtain leave of Court and must demonstrate that amendment is appropriate under the good cause standard in Federal Rule of Civil Procedure 16. *Gatti as Tr. President of Twin Palms Inc. v. Goodman*, No. 2:16-cv-728-FtM-29CM, 2017 WL 11527980, at *2 (M.D. Fla. Dec. 14, 2017) ("A party's motion to amend pleadings filed after the court's deadline may be granted only upon a showing of good cause"). *See also* Doc. No. 18, at 4 (stating that motions to extend deadlines "will not be extended absent a showing of good cause.") (citing Fed. R. Civ. P. 16(b)(4)).

Rule 16(b)(4)'s good cause standard requires a litigant to show that, despite their diligence, the deadlines in the scheduling order could not have been met. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). This diligence is assessed by considering the following factors: "(1) whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the plaintiff, and (3) whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend." *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616–17 (M.D. Fla. 2015) (citations omitted). Once good cause is established, "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment

would be futile."   *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Overall, in deciding whether to grant leave to amend, the court maintains wide discretion '[even] after the filing of responsive pleadings, and in the face of an imminent adverse ruling.'"   *Gatti*, 2017 WL 11527980, at *2 (quoting *Quinn v. Deutsche Bank Nat'l Tr. Co.*, 625 F. App'x 937, 940 (11th Cir. 2015)).

Upon review of the motion, response, and reply, the Court finds that Plaintiffs have established good cause for their requested amendment.   The information that they wish to include comes from grand jury proceedings, which were not made available to Plaintiffs until February 29, 2024.   Doc. No. 24, at 2; Doc. No. 30, at 2.   Defendants do not challenge this fact.   Doc. No. 26, at 2 (noting that "the timing of the release of the grand jury presentment on February 29, 2024 might represent good cause to allow amendment. . . .").   And the Court does not find that Plaintiffs acted in bad faith or unduly delayed requesting leave to amend — their original motion (albeit procedurally deficient) was filed only 20 days after they obtained the grand jury information.   *See* Doc. No. 20.   And again, Defendants do not challenge this fact.   The Court also finds that no prejudice would result from this amendment, as the case is relatively still in its infancy, no depositions have yet been taken, and discovery does not close until March 31, 2025.   *See* Doc. No. 18, at 1; Doc. No. 30, at 4.   *See also Brucker v. Lowe's Home Centers, Inc.*,

No. 2:10-CV-405-FTM-29, 2011 WL 2729152, at *1 (M.D. Fla. July 13, 2011) (finding good cause to allow amendment of complaint in part because the litigation was in its infancy and no discovery had yet taken place).

Instead, Defendants make three arguments in opposition to the amendment. First, they contend that the motion should be denied on its face for failure to demonstrate good cause. Doc. No. 26, at 2–3 (citing *Doe v. Predator Catchers*, No. 3:22-cv-414-MMH-LLL, 2024 WL 1193725 (M.D. Fla. Feb. 15, 2024)). The Court disagrees. While Plaintiffs' motion is brief, Plaintiffs do articulate in general terms the reasons for the requested amendment, and further expand on them — as directed by the Court — in their reply. Doc. Nos. 24, 30. Moreover, as Defendants also acknowledge, the timing of the grand jury presentment can establish good cause. Therefore, the Court finds this first argument unpersuasive.

Next, Defendants argue that amendment to include a new excessive force claim against Scott Koffinas should not be permitted both because Plaintiffs do not explain why they waited so long to seek to add this claim, and because the facts alleged do not support such a claim. Doc. No. 26, at 4–5. As to Defendants' first point, Plaintiffs explain in their reply that Ramy Yacoub previously made conflicting statements as to whether or not he fired his weapon at Jayden Baez, however it was not until the grand jury presentment that any information became available suggesting that both Ramy Yacoub and Scott Koffinas discharged their

firearms into the vehicle that Jayden Baez was driving.   Doc. No. 30, at 4–5.   Thus, the Court finds that Plaintiffs have sufficiently explained why they did not seek amendment earlier.

As to Defendants' second point, Defendants contend that the original and amended complaints do not sufficiently allege that Scott Koffinas fired any shots that struck and killed Jayden Baez.   Doc. No. 26, at 5.   Rather, the proposed amended complaint alleges that Scott Koffinas fired multiple gun shots into the rear windshield of the Audi, and that Jayden Baez was shot multiple times in the chest by Ramy Yacoub.   Doc. No. 24-1, ¶¶ 31, 34.   Because there are no proposed factual allegations that Scott Koffinas actually discharged the fatal bullets at Jayden Baez, Defendants argue that amendment to include a claim of excessive force against Scott Koffinas would fail to state a claim for relief.   Doc. No. 26, at 5.   Plaintiffs do not address this precise argument in their reply, other than to state that they should be given leave to plead claims in the alternative, and again reference the grand jury presentment.   Doc. No. 30, at 4–5.

While a closer call, the Court is not persuaded by Defendants' argument. First, the Court does not find that the factual allegations completely preclude a claim of excessive force against Scott Koffinas.   There are allegations that he shot into the car that Jayden Baez was in, and the grand jury report, which is attached as an exhibit to the amended complaint, clearly states that both Ramy Yacoub and

Scott Koffinas discharged their firearms into the vehicle, killing Jayden Baez.   Doc.

No. 24, ¶ 31; Doc. No. 24-1, at 33.   In order for the Court to foreclose amendment,

the Court would have to find that amendment would be futile.   That is not the case

here.   *See Taylor*, 875 F. Supp. at 815 ("[L]eave to amend should only be denied on

the ground of futility when the proposed amendment is clearly insufficient or

frivolous on its face. That is not the case here. The determination of whether the

defendant Florida State Fair Authority authorized the alleged retaliatory acts by

defendants Carlton, Stengel, or Rigdon, or held these individuals out as its

authorized agents with regard to the alleged retaliatory actions, appears to require

a complex factual inquiry. As such, the proposed amended complaint is not

frivolous or clearly insufficient on its face and the plaintiff's motion for leave to

amend should therefore not be denied on the ground of futility.") (citations

omitted).   *See also Meyers v. Starr Indem. & Liab. Co.*, No. 6:19-cv-1226-Orl-40DCI,

2019 WL 5448692, at *2 (M.D. Fla. Sept. 26, 2019) (granting leave to amend where

plaintiffs previously had not sought leave to amend, the case was in its infancy, and

the court could not conclude that the proposed amendment would fail to survive a

motion to dismiss or be immediately subject to summary judgment).

Third, Defendants somewhat confusingly argue against allowing Plaintiffs to

amend their complaint to remove the Fla. Stat. § 769.28(9)(a) claim (Count IX).   Doc.

No. 26, at 5–6.   Providing no legal authority in support, and recognizing the

"unusual" nature of their argument, Defendants contend that Plaintiffs could have dropped this claim earlier, and speculate that Plaintiffs will re-file this claim in state court. *Id.* As Plaintiffs point out in their reply, *see* Doc. No. 30, at 3, Defendants point to no legally cognizable harm they will suffer by the removal of this claim. And the Court will not subvert the liberal amendment standards of Fed. R. Civ. P. 15 based on speculation. As such, the Court also finds this argument unpersuasive. *Cf., Moody v. Synchrony Bank*, No. 5:20-CV-61 (MTT), 2020 WL 5806893, at *1 (M.D. Ga. Sept. 29, 2020) (rejecting argument in motion to dismiss that was based on speculation about facts not alleged in the complaint).

Defendants' remaining arguments are more suited for dispositive motions practice as they challenge the relevancy of the proposed amended allegations, the admissibility at trial of the grand jury presentment, and in particular, whether these allegations and materials would support a municipal liability *Monell* claim. Doc. No. 26, at 6–7. As Defendants themselves acknowledge, these arguments are premature, and in the absence of any legal authority suggesting that amendments should be precluded on this basis, will not prevent amendment here. *See Bowers v. Am. Heart Ass'n, Inc.*, 513 F. Supp. 2d 1364, 1367 (N.D. Ga. 2007) ("This Court has found no case law (and Defendants have cited none) requiring that a plaintiff

submit admissible evidence or reduce otherwise inadmissible hearsay to an admissible form when filing a motion to amend the complaint.").[3]

Accordingly, Plaintiff's motion to amend the complaint (Doc. No. 24) is **GRANTED**.   Plaintiff shall file the proposed amended complaint attached to their motion (Doc. No. 24-1) within **seven (7) days** from the date of this Order. Defendants shall answer or otherwise respond to the amended complaint within the time limits afforded by Fed. R. Civ. P. 15(a)(3).

**DONE** and **ORDERED** in Orlando, Florida on April 9, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[3] The two cases cited by Defendants in their motion are factually distinguishable. *See Smith v. City of Lake City, Fla.*, No. 3:12–cv–553–J–99MMH–TEM, 2012 WL 4772286, at *2 (M.D. Fla. Oct. 8, 2012) (granting motion to strike paragraph of complaint where individual plaintiff raised allegations enumerating a claim "restricted to class action lawsuits."); *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 10–81634–CIV, 2014 WL 12279511, at *2 (S.D. Fla. June 17, 2014) (granting motion to strike allegations in and exhibits to complaint in *qui tam* action detailing Defendant's prior felony conviction for securities fraud as "an end run around the rules of evidence, which prohibit citation to past wrongdoing or character evidence as probative of a propensity to act in accordance with that character trait." (citations omitted)).   Here, Plaintiffs do not seek to include allegations that relate to claims not at issue in this case, and as Plaintiffs make clear in their reply, whether or not the grand jury presentment constitutes hearsay is far from a foregone conclusion.   *See* Doc. No. 30, at 5–6.

Copies furnished to:

Counsel of Record
Unrepresented Parties