UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

    Plaintiffs,

v.       CASE NO.: 6:23-CV-1824-GAP-LHP

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
MARCOS LOPEZ, in his official capacity
as Sheriff of Osceola County,

    Defendants.
_____/

**DEFENDANTS' UNOPPOSED MOTION
TO DEPOSE INCARCERATED PERSON**

    Defendants SCOTT KOFFINAS, an individual, RAMY YACOUB, an individual, and MARCOS LOPEZ, in his official capacity as Sheriff of Osceola County, by and through undersigned counsel and pursuant to the provisions of Federal Rule of Civil Procedure 30(a)(2)(B), hereby move the Court for leave to depose Plaintiff Joseph Lowe at the Seminole County Jail, and state:

    1.    Defendants previously coordinated and noticed the deposition of Plaintiff Jospeh Lowe at his counsels' office for January 21, 2025.

    2.    Plaintiffs' counsel has advised that Mr. Lowe was recently arrested and is incarcerated at the Seminole County Jail. The Seminole County Clerk's website

indicates that Mr. Lowe was arrested on or about December 18, 2024, by the Sanford Police Department and that he currently has a $1,000 bond and an arraignment date of January 17, 2021, which is just four days before the deposition is set.[1]

3. Federal Rule of Civil Procedure 30(a)(2)(B) provides that a party must seek and obtain leave from the Court to depose a person "confined in prison." There is at least some authority for the proposition that a county jail is not a "prison" as contemplated by the rule, but to ensure that the deposition may timely occur the Defendants seek an order from the Court granting them leave to depose Mr. Lowe at the jail. *Gordon v. Knox*, No. 4:19cv220, 2020 WL 13840868 * 1, n. 1 (N.D.Fla. May 11, 2020) ("Generally, a party must seek leave of court to depose an individual confined in prison. Fed. R. Civ. P. 30(a)(2)(B). However, at least one court has held that this rule does not apply to pretrial detainees confined in a county jail. *See Blackwell v. Houser*, 2017 WL 392184, *2 n. 1 (W.D.N.C. Jan. 27, 2017) (citing *Maryland v. Shatzer*, 559 U.S. 98, 107 n. 2 (2010) (explaining that "prison" refers to a " 'state or federal facility of confinement for convicted criminals' " whereas " 'persons awaiting trial' " are housed in local detention centers called "jails")). Regardless, should leave be necessary, it is also hereby granted.")

4. If Mr. Lowe is released from the jail prior to the January 21, 2025 deposition date, Defendants would take the deposition at Plaintiffs' counsel's office,

---

[1] https://courtrecords.seminoleclerk.org/criminal/crim_details.aspx?d=c8Xl%2fbCpHVhaTjX8uY7s2g%3d%3d

as earlier agreed. If, however, Mr. Lowe remains at the jail as of January 21, 2025, then Defendants seek leave to depose him at the jail on that date, or on such other date and upon any conditions as jail officials may require.

5. No prejudice will be caused to any party or the Court by the granting of this motion.

6. **LOCAL RULE 3.01(G) CERTIFICATION.** Undersigned counsel has conferred with Delayne Penland, Esq, counsel for Plaintiffs, who advises that there is no opposition to this motion.

WHEREFORE, Defendants move the Court for entry of an Order granting them leave to depose Joseph Lowe at the Seminole County Jail upon whatever conditions may be required by jail staff.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a), Defendants submit the following Memorandum of Law in support of the instant motion.

"Rule 30 provides, in relevant part, that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). Rule 26(b)(1) and (2) define the scope of discovery and set forth criteria for limiting discovery. *See* Fed. R. Civ. P. 26(b)(1) and (2). "The Court, therefore, should permit the deposition of an incarcerated individual unless an objecting party can show why the deposition is impermissible under these rules." *Aviation Koncepts, Inc. v. Starr Indem. & Liab. Co.*, No.

19-60513-civ, 2019 WL 7708456, at *1 (S.D. Fla. Nov. 27, 2019)"). *Beasley v. Wells Fargo Bank, N.A.*, No. 6:20-cv-883, 2022 WL 3098951 *3 (M.D. Fla. January 19, 2022).

As there is no objection to the taking of the deposition at the Seminole County Jail, assuming he is not released prior to the agreed date of January 21, 2025, the Court should grant leave.  The parties will abide by any conditions placed on the taking of the deposition by jail staff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of December, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Mark E. NeJame, Esquire (mark@nejamelaw.com), Stephen J. Calvacca, Esquire (stephen@nejamelaw.com), DeLayne D. Penland, Esquire (delayne@nejamelaw.com), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801.

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  83798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.:  91197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone:  407-673-5000
Facsimile:  321-203-4304
Attorneys for Defendants
Sheriff Lopez, Koffinas and Yacoub