UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

   Plaintiffs,

v.             CASE NO.:  6:23-cv-1824-GAP-RMN

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
MARCOS LOPEZ, in his official capacity
as Sheriff of Osceola County,

   Defendants.
_____/

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO EXCEED WORD LIMIT FOR MOTION RELATED TO DISCOVERY**

 Defendants, by and through undersigned counsel and pursuant to the Court's Order on Discovery Motions (Dkt. 19), move the Court for entry of an Order granting leave to file a motion of no more than seven pages and which would, in part, seek an order compelling discovery, and state:

 1. Plaintiffs allege that the Defendant deputies unjustifiably fired into Plaintiffs' Audi vehicle at a Kissimmee Target store when deputies tried to block the Audi from leaving the store parking lot.  The driver, Baez, died.  Two other passengers, including Plaintiff Lowe, were injured.  Plaintiffs contend that the use of force was out

of proportion to their underlying offense at the Target. See e.g. Dkt. 31, ¶ 18(e), 21, 22, 64. Plaintiffs allege that Baez drove in the manner he did in a "fight or flight scenario" during the vehicle block. (Dkt. 31, ¶ 53). Plaintiffs and their expert witness have openly speculated in the litigation as to alternative tactical approaches to a vehicle block so as to apprehend the occupants of the Audi.

2. The deputies have testified that, notwithstanding the minor nature of the retail theft, suspicions about the Audi were high given that the Plaintiffs had taped paper over the license plate of the Audi so as to obscure the plate, occupants left the Audi and entered the store wearing hoodies and covid masks, the Audi moved about the parking lot in a suspicious manner, and the Audi was backed into a handicapped space with engine running when deputies attempted the block.

3. Defendants have evidence that Plaintiffs Baez and Lowe were involved in substantial underlying criminal activity, including participation in bank fraud, and that just prior to this incident the group had attempted a robbery of a gold exchange or pawn shop. Baez was armed and evidence of bank fraud was found in or near the Audi immediately after the incident. Key evidence of this are photographs and videos of Lowe and Baez downloaded from Lowe's cellphone which show this criminal activity including Baez' possession of the very firearm found at the scene.

4. During deposition Lowe invoked his Fifth Amendment privilege against self-incrimination dozens of times, refusing to identify himself or Baez in the images downloaded from Lowe's phone and refusing to acknowledge the criminality the

Defendants believe are displayed, including specifically as evidenced in the Audi at the time of the incident.

5. It is generally recognized that a civil litigant – particularly a plaintiff – cannot invoke his Fifth Amendment rights and refuse to answer questions as part of a sword and shield approach to the litigation. *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979). Courts dealing with this issue have come to different conclusions as to how to address it. For example, the Fifth Circuit has approved of a stay of a case, in some circumstances, until the possibility of criminal prosecution is concluded. *Wehling*, 608 F.2d at 1088-89. This Court has adopted that approach in another matter, *Fernando v. City of Orlando*, Case No. 6:13-cv-1938, 2015 WL 1334376 (M.D.Fla. March 24, 2015). In other circumstances, the trier of fact may "take an adverse inference against the parties to a civil action refusing to testify on Fifth Amendment grounds." *United States v. Two Parcels of Real Property Located in Russell County, Alabama*, 92 F.3d 1123, 1129 (11th Cir. 1996).

6. The Court must explore the scope of the claim of privilege and its effect on the proceedings and "bears the responsibility to make a proper inquiry into the legitimacy and scope of the witness' assertion of his Fifth Amendment privilege. A blanket assertion of the privilege without inquiry by the court is unacceptable." *Cabeza*, * 2 (quoting *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980). The court

must therefore "review the assertion of privilege on a question-by-question basis." *Id.*, quoting *United States v. Arqomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991).[1]

7. The proposed motion will explore the importance of the testimony at issue, possible forms of relief available to the Court, and will take more than the 500 words allowed under the Court's order as to discovery motions. Dkt, 19. Defendants believe that such a motion can be made in 7 pages. Defendants do not object to Plaintiffs being afforded the same length in which to respond.

8. **LOCAL RULE 3.01(G) CERTIFICATION.** Undersigned counsel has spoken with Plaintiffs' counsel. Delayne Penland, Esq., who states that, so long as Plaintiffs are afforded a response of the same length as the motion, Plaintiffs do not oppose a motion to exceed the word limit for discovery motions.

**WHEREFORE,** Defendants move the Court for leave to file a motion of up to 7 pages discussing these issues and seeking, among other things, alternative relief in the form of an Order compelling Lowe to answer the questions posed in his previous deposition.

---

[1] Plaintiffs also rely heavily in their Amended Complaint on grand jury findings as to the incident. However, it is Defendants' understanding that the grand jury was informed of none of the facts of the underlying criminal activity, including for example the presence of the firearm displayed by Baez in the subject videos and photographs, with the grand jury making its findings on a limited record. Defendants are therefore also soon filing a motion which would allow one of the Assistant State Attorneys who presented the matter to the grand jury to be permitted under §905.27(1)(c) Fla. Stat., to verify that the grand jury did not know of these matters.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this  24th  day of March, 2025, the foregoing is being served via electronic mail to the following:  Mark E. NeJame, Esquire (*mark@nejamelaw.com*), Stephen J. Calvacca, Esquire (*stephen@nejamelaw.com*), DeLayne D. Penland, Esquire (*delayne@nejamelaw.com*), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801.

                                            *s/ Thomas W. Poulton*
                                            THOMAS W. POULTON, ESQ.
                                            Florida Bar No.:  83798
                                            *poulton@debevoisepoulton.com*
                                            JEFFREY K. GRANT, ESQ.
                                            Florida Bar No.:  91197
                                            *grant@debevoisepoulton.com*
                                            DeBEVOISE & POULTON, P.A.
                                            Lakeview Office Park, Suite 1010
                                            1035 S. Semoran Boulevard
                                            Winter Park, Florida 32792
                                            Telephone:  407-673-5000
                                            Facsimile:  321-203-4304
                                            Attorneys for Defendants
                                            Sheriff Lopez, Koffinas and Yacoub