UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

      Plaintiffs,

v.                                     CASE NO.:  6:23-cv-1824-GAP-RMN

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
MARCOS LOPEZ, in his official capacity
as Sheriff of Osceola County,

      Defendants.
_____/

**DEFENDANTS' MOTION FOR ALTERNATIVE RELIEF: 1) TO COMPEL ANSWERS TO DEPOSITION QUESTIONS; 2) TO STAY CASE; OR 3) FOR ADVERSE INFERENCES BY THE COURT OR TRIER OF FACT**

Defendants, by and through undersigned counsel and pursuant to Fed.R.Civ.Pro. 37(3)(B)(i) and the Court's Order of March 25, 2025 (Dkt. 52), move the Court for entry of an Order compelling Plaintiff Lowe to answer deposition questions, to stay the case, or for the taking of adverse inferences against Plaintiff Lowe and Plaintiff's decedent Baez and state:

    1.     Plaintiffs allege that on April 27, 2022, Plaintiffs were passengers in an Audi sedan, driven by Plaintiff's decedent Baez, and that the Defendant deputies unjustifiably fired into the Audi vehicle at a Kissimmee Target store when deputies

tried to block the Audi from leaving the store parking lot. Baez died. Two other passengers, including Plaintiff Lowe, were injured. Plaintiffs contend that the use of force was out of proportion to their underlying offense at the Target.

2.   At his February 19, 2025, deposition, Plaintiff Lowe invoked his Fifth Amendment rights approximately 84 times, refusing to answer questions alluding to substantial criminal activity by Lowe and Baez prior to the incident, and even on the day of the incident. Lowe was shown photographs and videos downloaded from his cell phone, some showing Lowe holding stacks of large amounts of cash, often in social media posts asking friends to open up accounts for purposes of fraud.

Deposition Exhibit 12 shows Lowe holding such cash with a message to friends:



3.     Lowe refused to identify himself in the photographs or videos, to acknowledge their content, or to answer questions concerning the criminality they appear to reflect.  He refused to answer questions concerning Baez' role in these acts; he even refused to acknowledge his phone number at the time or to acknowledge text messages discussing the criminal activity.  See Deposition, of Lowe, attached:  p. 21, line 25 through p. 26, line 12, Exhibits 2-5 to the deposition.

4.     Lowe further refused to identify or to acknowledge criminal activity displayed by possession of bank cards that did not belong to him or to Baez.  Deposition, p. 25, lines 13-21, See Exhibit 6.   Cutting to the chase, Lowe refused to answer whether he and Baez were engaged in bank fraud.

> Q. Were you involved with Mr. Baez in a criminal enterprise whereby you would have people put money into their accounts, take it out, and have that person then fraudulently claim to the bank that the money had been stolen?
>
> A. I invoke my Fifth Amendment right to remain silent.
>
> (Deposition, p. 26, lines 14-20).

5.     As to the incident itself, Lowe refused to answer questions as to criminal activity going on in the Audi, including possession of this firearm by Baez at the time of the incident.  Deposition, p. 54, line 6, through p. 56, line 4.  See Exhibit 14, showing Baez with the unique style of gun found at the scene.  An image of the gun as found at the scene of the incident, the same gun possessed by Baez in Exhibit 14, is included here:

3



6. There were also videos taken from the phone similarly showing Lowe holding up bands of cash, or Baez with the firearm found at the scene with bags of marijuana also found at the scene. Lowe refused to answer questions. (Lowe, p. 35, line 24 through p. 38, line 8; p. 41, lines 5-25). [1]

7. **LOCAL RULE 3.01(G) CERTIFICATION** – DeLayne Penland, Esq., counsel for Plaintiffs advises that Plaintiffs oppose this motion on grounds that Lowe has the right against self-incrimination. Additionally, it is Plaintiffs' position that the line of questioning is irrelevant, and not reasonably calculated to lead to discovery of admissible evidence.

**WHEREFORE**, Defendants move the Court for an Order compelling Lowe to answer the questions he refused to answer at deposition, staying the case until criminal jeopardy is expired, or drawing adverse inferences against Plaintiffs.

---

[1] The images are largely duplicative of the still images and Defendants have not sought to file the videos non-electronically but will do so if the Court directs.

## MEMORANDUM OF LAW

A plaintiff in a civil case may sue and also invoke his Fifth Amendment rights, but he may not use it as a sword and a shield. *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979). Here, that is exactly what is going on. Plaintiffs claim that the use of deadly force in reaction to minor retail theft is unjustified.[2] Additionally, Plaintiffs' expert, Jeronimo "Jerry" Rodriguez was recently deposed and criticized the use of the vehicle block, testifying to alternative scenarios that could have been used by deputies to apprehend Plaintiffs Lowe and Gomez, who went into the Target store and committed the retail theft.

For example, Rodriguez testified that Lowe and Gomez could have been detained by loss prevention officers in the Target store, with a uniformed deputy then responding to make arrests, or that Lowe and Gomez could have been arrested by undercover deputies as they exited the Target store, or that deputies could have tracked the Audi and made an effort to apprehend the occupants in some other manner, such as a traffic stop. (Deposition of Rodriguez, attached, p. 64, line 21 through p. 67, line 1).

But, Mr. Rodriguez admits that he is speculating as to how such alternative scenarios would have played out and whether they would have been any safer.

---

[2] Defendants dispute this characterization as the deputies fired their weapons in reaction to the manner in which Baez drove the Audi to escape the deputies' effort to apprehend the occupants, not because of the initial retail theft. The Court need not resolve that issue now as, for purposes of this motion, the point is that the Defendants should be allowed to explain to a jury why it is, in their view, Baez drove in the manner he did and why, given his incentive not to be caught given his criminal behavior, the speculation by Plaintiffs as to alternative scenarios to apprehend the Audi occupants is not credible.

Case 6:23-cv-01824-GAP-RMN   Document 53   Filed 04/07/25   Page 6 of 8 PageID 385

Critically, he admits he does not know how Baez, armed and in possession of evidence of bank fraud and a substantial amount of marijuana, would have reacted, for example, to seeing a uniformed patrol deputy arrive to arrest Lowe and Gomez, or if confronted later by deputies who had tracked him. (Rodriguez, p. 67, lines 2-17)

The deputies did not know of this activity at the time. But that is not the point. Plaintiffs cannot have it both ways. They cannot claim on the one hand that the only known offense was minor retail theft and that the Audi occupants could have been apprehended differently, but on the other hand ignore the incentive that Baez (or others in the Audi) had to escape such alternative means of apprehension, including by violence.

Courts dealing with this issue have come to different conclusions as to how to address it. For example, the Fifth Circuit has approved of a stay of a case, in some circumstances, until the possibility of criminal prosecution is concluded. *Wehling*, 608 F.2d at 1088-89. This Court has adopted that approach in another matter, *Fernando v. City of Orlando*, Case No. 6:13-cv-1938, 2015 WL 1334376 (M.D.Fla. March 24, 2015). In other circumstances, the trier of fact may "take an adverse inference against the parties to a civil action refusing to testify on Fifth Amendment grounds." *United States v. Two Parcels of Real Property Located in Russell County, Alabama*, 92 F.3d 1123, 1129 (11th Cir. 1996). The court must "review the assertion of privilege on a question-by-question basis." *Id.*, quoting *United States v. Arqomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991).

6

Plaintiffs bear the initial burden of showing that there is a realistic chance of criminal prosecution stemming from this April 2022 incident, or the evidence uncovered at the time, because the privilege may be asserted "only … where the individual has a legitimate risk of criminal liability." *Id.*, citing *Argomaniz* and *Wehling*. As noted in Plaintiffs' Amended Complaint, criminal charges against Gomez and Lowe stemming from the incident were later nolle prossed. (Dkt. 32, ¶39 and 40). The Court should order Lowe to answer all deposition questions to which he earlier invoked his Fifth Amendment privilege. *Chase Bank USA, N.A. v. Jacucci*, 2022 WL22887538 (January 18, 2022) ("The Fifth Amendment privilege, however, may only be asserted when there is a substantial, real hazard of self-incrimination.").

Even if the Court does not order that Lowe answer the questions now, criminal jeopardy, if any, would presumably be foreclosed on or about April 22, 2026, when the statute of limitations for felonies expires (including crimes committed prior to the incident and day of the incident). The Court could thus stay the case until that date, reopening discovery at that time for purposes of Lowe answering the subject questions. At a minimum, the Court should draw the inference that Baez and Lowe were engaged in substantial criminal behavior both before and at the time of the incident, conclude that Baez had incentive to escape custody, perhaps violently given that he was armed, and instruct the jury accordingly. The Court need not determine how it might construct such an instruction now, simply determine that Lowe's refusal to even acknowledge the contents of the images justified the jury also drawing adverse inferences.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  7th  day of April, 2025, the foregoing is being served via electronic mail to the following:  Mark E. NeJame, Esquire (*mark@nejamelaw.com*), Stephen J. Calvacca, Esquire (*stephen@nejamelaw.com*), DeLayne D. Penland, Esquire (*delayne@nejamelaw.com*), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801.

                                          *s/ Thomas W. Poulton*
                                          THOMAS W. POULTON, ESQ.
                                          Florida Bar No.:  83798
                                          *poulton@debevoisepoulton.com*
                                          JEFFREY K. GRANT, ESQ.
                                          Florida Bar No.:  91197
                                          *grant@debevoisepoulton.com*
                                          DeBEVOISE & POULTON, P.A.
                                          Lakeview Office Park, Suite 1010
                                          1035 S. Semoran Boulevard
                                          Winter Park, Florida 32792
                                          Telephone:  407-673-5000
                                          Facsimile:  321-203-4304
                                          Attorneys for Defendants
                                          Sheriff Lopez, Koffinas and Yacoub