UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

      Plaintiffs,

v.                                                  CASE NO.: 6:23-CV-1824-GAP-LHP

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
MARCOS LOPEZ, in his official capacity
as Sheriff of Osceola County,

      Defendants.
_____/

## DEFENDANTS' UNOPPOSED MOTION FOR ORDER PERMITTING LIMITED DISCLOSURE OF STATE GRAND JURY CONSIDERATIONS

Defendants, pursuant to the provisions of §905.27(1)(c), hereby move the Court for entry of an Order allowing limited disclosure of state grand jury considerations related to this matter:

1.    This case involves an incident during which Deputies Yacoub and Koffinas fired their service weapons into an Audi vehicle occupied by Plaintiffs.

2.    The State Attorney for the Ninth Judicial Circuit convened a grand jury which did not approve criminal charges against Yacoub and Koffinas, but which issued a "presentment" criticizing tactical aspects of the incident. Plaintiffs have attached the presentment to their operative complaint. Dkt. 32-1, pp. 2-13.

3. Undersigned counsel has spoken with Ryan Williams, Esq., one of the then-Assistant State Attorneys who presented the case to the grand jury, inquiring as to whether the grand jury was made aware of the firearm found at the scene, or evidence of bank fraud or large amounts of marijuana found in the Audi. Williams advised that under grand jury secrecy rules he is unable to specifically discuss what was affirmatively told to the grand jury, but that it would be his practice not to disclose to the grand jury facts not relevant to possible criminal charges, such as the contents of the Audi.

4. Defendants oppose admissibility of the grandy jury presentment, but if admitted the Defendants would point out to the jury in this case that the grand jury did not have facts the Defendants believe relevant, i.e. the contents of the Audi. Defendants thus seek an Order under §905.27(1)(c), Fla. Stat., authorizing Attorney Williams to confirm, by affidavit or deposition, that the grand jury was not told of these items.

5. Disclosure of grand jury proceedings is permissive, but not mandatory, and is within the Court's discretion. Defendants must make a "strong showing of a particularized need in order to outweigh the public interest in secrecy." *Whittier v. Sunrise*, Case No. 07-60476, 2007 WL 9706152 * 2 (S.D.Fla. Aug. 22, 2007) (quoting *Brookings v. State*, 495 So.2d 135 (Fla 1985)). The Court in *Whittier* rejected an effort to unveil grand jury testimony because the party seeking it argued only that disclosure would save time and money. *Id.*, *3.

Here, however, Defendants have no alternative means of demonstrating that the grand jury did not have certain facts the Defendants would urge are relevant to the legal and factual issues here. The motion is unopposed and seeks only limited disclosure, not of names of witnesses or testimony, but of material excluded from presentation.

6.  **LOCAL RULE 3.01(G) CERTIFICATION** – Undersigned counsel has conferred with DeLayne Penland, Esq., counsel for Plaintiffs, who advises that Plaintiffs do not oppose the instant motion. Additionally, a copy of this motion is being provided to Attorney's General Counsel, Kamilah Perry, Esq., for any input from the State Attorney.

WHEREFORE, Defendants move the Court for entry of an Order authorizing Williams to disclose whether the grand jury was made aware of the items described above.

## WORD COUNT CERTIFICATION

Pursuant to the Court's Standing Order on Discovery Motions (Dkt. 19) undersigned counsel certifies that, excepting the caption, the signature block, and certifications this motion is 500 words in length.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  8th  day of April, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Mark E. NeJame, Esquire

(mark@nejamelaw.com), Stephen J. Calvacca, Esquire (stephen@nejamelaw.com), DeLayne D. Penland, Esquire (delayne@nejamelaw.com), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801.  A copy of this motion is also being furnished by email to Kamilah Perry, Esq., at KPerry@SAO9.org.

             *s/ Thomas W. Poulton*
             THOMAS W. POULTON, ESQ.
             Florida Bar No.:  83798
             *poulton@debevoisepoulton.com*
             JEFFREY K. GRANT, ESQ.
             Florida Bar No.:  91197
             *grant@debevoisepoulton.com*
             DeBEVOISE & POULTON, P.A.
             Lakeview Office Park, Suite 1010
             1035 S. Semoran Boulevard
             Winter Park, Florida 32792
             Telephone:  407-673-5000
             Facsimile:  321-203-4304
             Attorneys for Defendants
             Sheriff Lopez, Koffinas and Yacoub