UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ;
JOSEPH LOWE; IAN JOI;
ALEJANDRO BAEZ; and
JOSEPHINE CARTAGENA,

    Plaintiffs,

vs.

SCOTT KOFFINAS; RAMY
YACOUB; and MARCOS
LOPEZ,

    Defendants.

Case No.
6:23-cv-1824-GAP-RMN

### ORDER

    This matter is before the Court on Defendants' Unopposed Motion To Reschedule Hearing (Dkt. 58), filed April 22, 2025. Defendants ask the Court to continue a hearing set for May 5 on Defendants' Motion for Order Permitting Limited Disclosure of State Grand Jury Considerations (Dkt. 55) because Defendants' proposed witness, a lawyer, believes "he should appear at the hearing to provide his perspective on the importance of grand jury secrecy and, in the event relief is granted, to clarify and narrow the areas of inquiry that he will be permitted to discuss." Dkt. 58 at 2. The

witness is unavailable because he is scheduled to appear at a hearing in what appears to be a state court civil matter. *Id.* at 2.

Defendants have not shown good cause to continue the hearing. Although not stated explicitly in the motion, Defendants' statements suggest the proposed witness is no longer employed by the Office of the State Attorney for the Ninth Judicial Circuit. If so, then Defendants ask the Court to continue the hearing so that they could offer the Court a lawyer's opinion testimony about the scope of state law. Such testimony is unnecessary and, indeed, impermissible if offered at trial. *See, e.g., Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law."); *see also United States v. Oliveros*, 275 F.3d 1299, 1306–07 (11th Cir. 2001) ("Domestic law is properly considered and determined by the court whose function it is to instruct the jury on the law; domestic law is not to be presented through testimony and argued to the jury as a question of fact.").

Counsel for the parties will be given an opportunity to present their arguments in support of or against the relief sought in the motion at the hearing. If the State Attorney for the Ninth Judicial Circuit wishes to be heard on Defendants' motion, she may ask for leave to appear as an interested party at the hearing and file a written response beforehand.

- 3 -

Accordingly, it is **ORDERED** that Defendants' Unopposed Motion To Reschedule Hearing (Dkt. 58) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 22, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record