UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　CASE NO.: 6:23-CV-1824-GAP-LHP

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
MARCOS LOPEZ, in his official capacity
as Sheriff of Osceola County,

　　　　Defendants.
_____/

**STATE ATTORNEY'S OFFICE'S REPLY TO DEFENDANTS' MOTION
FOR ORDER PERMITTING LIMITED DISCLOSURE OF
STATE GRAND JURY CONSIDERATIONS**

The State Attorney's Office for the Ninth Judicial Circuit respectfully files this reply in response to Defendants' Motion For Order Permitting Limited Disclosure Of State Grand Jury Considerations. (Doc. 55).

**Background Facts**

1. Defendants filed a Motion for an Order Permitting Limited Disclosure of State Grand Jury Considerations. (Doc. 55).

2. Specifically, Defendants wish to disclose what information was not presented to the grand jury for their consideration in making a Grand Jury Presentment to the Defendants.

3. The State Attorney's Office is an interested party in this matter because the grand jury proceeding at issue was convened by the State Attorney's Office in the Ninth Judicial Circuit. Additionally, as officers of the Court, the State Attorney's Office has an obligation to make every effort to maintain the integrity of judicial proceedings.

### Legal Argument

"There is a tradition in the United states, a tradition that is 'older than our Nation itself' that proceedings before a grand jury shall generally remain secret." *In re Petition of Craig*, 131 F.3d 99, 101 (2d Cir. 1997)(quoted by *CA Florida Holdings, LLC v. Aronberg*, 360 So.3d 1149 (Fla. 4th DCA 2023). The long standing principle of grand jury secrecy is codified in Section 905.27(1), Florida Statutes (2023)[1], which prohibits the disclosure of testimony or evidence presented before a grand jury unless a court orders disclosure for one of the following three purposes: (1) "[a]scertaining whether it is consistent with the testimony given by the witness before the court;" (2) "determining whether the witness is guilty of perjury"; or (3) "furthering justice." *See also Proctor & Gamble*, 356 U.S. 677, 681 n.6 (1958)(citing reasons for federal grand jury secrecy).

Though not stated, it appears that the Defendants rely on the third prong of "furthering justice" to support disclosure of the grand jury information. In *CA Florida Holdings*, the Fourth District court of Appeals addressed the standard for determining whether to allow disclosure and cited approvingly the following criteria set forth in *Craig*:

> Mindful that there is no talismanic formula or rigid set of prerequisites, we offer the following non-exhaustive list of factors that a trial court might want to consider when confronted with these highly discretionary and fact sensitive 'special circumstances' motions: (i) the identity of the party seeking disclosure; (ii) whether the defendant to the grand jury proceeding or the government opposes the disclosure; (iii) why disclosure is being sought in the particular case; (iv) what specific information is being sought for disclosure; (v) how long ago the grand jury proceedings took place; (vi) the current status

---

[1]

of the principals of the grand jury proceedings and that of their families; (vii) the extent to which the desired material-either permissibly or impermissibly has been previously made public; (viii) whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive; and (ix) the additional need for maintaining secrecy in the particular case in question.

*Craig*, 131 F.3d at 101.

Here, disclosing the information that was *not* provided to the grand jury for the purposes of arguing to another separate fact-finding jury, under a different legal standard, whether or not the Defendants should or should not be held civilly liable for in the instant lawsuit does not rise to the level of "furtherance of justice" that would necessitate the interruption of the long-standing rule of grand jury secrecy. Disclosure of grand jury activity "after the fact" irreparably erodes the layers of protection intended for individuals involved in grand jury proceedings. Secrecy encourages witnesses to provide frank and candid testimony to the grand jury, as they can be assured that their truthful testimony will not later be made public. Erosion of this protection significantly impacts the government's ability to conduct confidential and accurate investigations prior to filing criminal charges.

Should the Court find that disclosure of the grand jury materials is appropriate, however, the State would request that any such information be sufficiently limited to what is relevant to the instant case, and that the line of questioning be sufficiently narrowed to protect as much of the grand jury proceeding as possible.

WHEREFORE, the State Attorney's respectfully requests that the Court deny the Defendants' Motion. Should the Court find that disclosure is appropriate, however, the State Attorney's Office respectfully requests that the information be properly limited in scope as to only those matters relevant to the instant lawsuit.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that she conferred with counsel for Plaintiffs and Defendants on April 23, 2025. Counsels stated that they oppose the relief sought herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th ~~28th~~ day of April, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark E. NeJame, Esquire (mark@nejamelaw.com), Stephen J. Calvacca, Esquire (stephen@nejamelaw.com), DeLayne D. Penland, Esquire (delayne@nejamelaw.com), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801; Thomas W. Poulton, Esq. (*poulton@debevoisepoulton.com*), JEFFREY K. GRANT, ESQ. (*grant@debevoisepoulton.com*), DeBEVOISE & POULTON, P.A., Lakeview Office Park, Suite 1010, 1035 S. Semoran Boulevard, Winter Park, Florida 32792.

          MONIQUE H. WORRELL, STATE ATTORNEY
          Ninth Judicial Circuit

*[signature: Kamilah Perry]*

By: _____
**KAMILAH L. PERRY, ESQ.**
General Counsel
415 N. Orange Avenue
Orlando, Florida 32801
Phone: 407-836-2156
Email: kperry@sao9.org
Florida Bar Number: 0597937

Attorney for the State of Florida