UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

    Plaintiffs,

v.                      CASE NO.: 6:23-cv-1824-GAP-RMN

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
MARCOS LOPEZ, in his official capacity
as Sheriff of Osceola County,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE A JOINT MOTION FOR SUMMARY JUDGMENT, IN EXCESS OF PAGE LIMITATIONS**

Defendants KOFFINAS, YACOUB, and LOPEZ, by and through undersigned counsel and pursuant to the provisions of Local Rule 3.01(a) and the Court's Case Management Order (Dkt. 18), move the Court for entry of an Order allowing the Defendants to file a single joint motion for summary judgment of up to 50 pages and state:

    1.    The Court's Case Management and Scheduling Order (Dkt. 18) provides that each party may file a motion for summary judgment of up to 25 pages, with the opposing party permitted 20 pages for response and the movant permitted a reply up to 10 pages.

2. There are three defendants in the case: two Deputy Sheriffs in their individual capacities and the Sheriff, in his official capacity, and all claims arise from the same use of force incident. On the one hand, the facts overlap as to each Deputy, particularly as to the subject incident. On the other hand, qualified immunity has been raised as a defense by the Deputies and the claims against the Sheriff under *Monell v. Department of Soc. Svs.*, 436 U.S. 658 (1978), which depend initially on those same facts, then add a layer of complexity as to claims of an unconstitutional policy or custom allegedly causing the incident.

3. The event, itself, includes deputy training in Kissimmee, Fla., and which was occurring just prior to the incident sued upon, a theft of merchandise by Plaintiffs at a nearby Target Store, an effort to block Plaintiffs' vehicle, and the use of force by the Deputies. There are liability and reconstruction experts on both sides, surveillance video of the incident, a Florida Department of Law Enforcement investigation of the incident, and many audio interviews and 13 depositions of incident witnesses which inform the facts.

4. Given the number of claims, as well as the nature and complexity of the issues and defenses involved, the Defendants request that an additional 25 pages be added to the limit set by the Case Management Order and Local Rule 3.01(a), thus allowing the Defendants to file a single joint motion up to 50 pages. Defendants would propose that Plaintiffs be allowed 40 pages for their response, and that the Defendants be allowed 20 pages for reply.

5.  **LOCAL RULE 3.01(G) CERTIFICATION** – Plaintiffs' counsel, DeLayne Penland, Esq. was contacted and advises Plaintiffs do not object to Defendants filing a single, joint motion for summary judgment in excess of the 25 page limitation in the Case Management and Scheduling Order, but believe that the Defendants' motion should be limited to 35 pages, with Plaintiffs then having 30 pages for response and the Defendants having 15 pages for a reply.

WHEREFORE, Defendants move the Court for entry of an Order granting the expansion of the page limits, as discussed herein.

## MEMORANDUM OF LAW

Local Rule 3.01(a) provides that no motion may exceed 25 pages and the Case Management Order repeats that limit. However, the local rule provides that a party may request enlargement of that limitation by motion which does not exceed three pages, inclusive of all parts, and specifies the need for and length of the proposed motion. Here, Defendants propose 50 pages for a joint motion for summary judgment (and 40 pages for response, with a 10-page reply). Plaintiffs do not oppose an enlargement although as noted, they prefer 35 pages for the summary judgment motion, 30 pages for response, and a 15-page reply.

There is good cause for the enlargement of the limits as the factual discussion for the incident is complex but can be provided in a single narrative. The legal issues to be raised by each Defendant are similar, but involve distinctions as to qualified immunity and *Monell* policy and custom issues, which require substantive briefing.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark E. NeJame, Esquire (*mark@nejamelaw.com*), Stephen J. Calvacca, Esquire (*stephen@nejamelaw.com*), DeLayne D. Penland, Esquire (*delayne@nejamelaw.com*), NEJAME LAW, P.A., 111 North Orange Avenue, Suite 1300, Orlando, Florida 32801.

> *s/ Thomas W. Poulton*
> THOMAS W. POULTON, ESQ.
> Florida Bar No.: 83798
> *poulton@debevoisepoulton.com*
> JEFFREY K. GRANT, ESQ.
> Florida Bar No.: 91197
> *grant@debevoisepoulton.com*
> DeBEVOISE & POULTON, P.A.
> Lakeview Office Park, Suite 1010
> 1035 S. Semoran Boulevard
> Winter Park, Florida 32792
> Telephone: 407-673-5000
> Facsimile: 321-203-4304
> Attorneys for Defendants
> Sheriff Lopez, Koffinas and Yacoub