UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

    Plaintiffs,

v.                                        CASE NO.: 6:23-cv-1824-GAP-RMN

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
MARCOS LOPEZ, in his official capacity
as Sheriff of Osceola County,

    Defendants.
_____/

## DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING DEFENDANTS' UNOPPOSED MOTION FOR ORDER PERMITTING LIMITED DISCLOSURE OF STATE GRAND JURY CONSIDERATIONS

Defendants Scott Koffinas, individually; Ramy Yacoub, individually; and Marcos Lopez, in his official capacity as Sheriff of Osceola County, Florida, by and through undersigned counsel and pursuant to the Court's Order of May 6, 2025 (Doc. 72), hereby file this Supplemental Briefing in support of their Unopposed Motion for Order Permitting Limited Disclosure of State Grand Jury Considerations (Doc. 55).

At the recent hearing, the Court asked both whether a federal district court *can* authorize disclosure of grand jury considerations, and if so whether it *should*. Defendants use the word "considerations" purposefully as they believe it significant that the Defendants do not seek a list of witnesses, a transcript, or identification of evidence that was presented to the grand jury—the traditional concerns expressed in the caselaw—but rather seek to establish what Defendants in good faith believe was not considered by the grand jury.

At the outset, § 905.27, Florida Statutes only prohibits the disclosure of "the testimony of a witness examined before the grand jury or other evidence received by it …" This does not appear to contemplate evidence which was excluded from grand jury consideration. But even if it does include revealing what was not disclosed to the grand jury, Defendants are unable to locate authority that prohibits a federal court from in any respect delving into state grand jury proceedings. And in fact, federal courts have dealt with restrictions on disclosure of grand jury testimony.

In *In re Grand Jury Proceedings*, 832 F.2d 554 (11th Cir. 1987), witnesses appeared before a state grand jury concerning allegations of improper influence peddling by city public officials. *Id.*, at 555. There, a Florida grand jury conducted proceedings; no indictments were returned but a presentment was issued on political corruption. A U.S. Attorney subpoenaed the state grand jury transcripts for use by a federal grand jury. The conclusion was that the Eleventh Circuit allowed Florida state grand jury proceedings to be disclosed. The court specifically cited §905.27, Florida Statutes, finding it does not create an evidentiary privilege for witnesses. 832 F.2d at 559-60.

Less on point, but as another example of a federal court intruding on secrecy in state court grand jury proceedings, in *Butterworth v. Smith*, 494 U.S. 624 (1990), the Supreme Court held that § 905.27, Florida Statutes, was unconstitutional insofar as it prohibited a Florida grand jury witness from disclosing their own testimony after the grand jury's investigation had ended.

Third, as noted in prior briefing and at the hearing, in *Whittier v. Sunrise*, Case No. 07-60476, 2007 WL 9706152, at *2 (S.D. Fla. Aug. 22, 2007), the Southern District of Florida applied §905.27, Florida Statutes, to deny a request for state grand jury transcripts because, in that case, there had not been a showing of good cause to do so. While, as this Court pointed out at the hearing, the court in *Whittier* did not squarely address the issue of whether a federal court *can* delve into state grand jury proceedings, the other authorities cited above do seem to more squarely stand for the proposition that it can.

As to whether it should, the Defendants would note that the Plaintiffs elected this forum and to bring federal claims. In fact, all of their claims are 42 U.S.C. § 1983 claims. Yet they invoke the state grand jury presentment as evidence in support. It makes no sense to the Defendants that Plaintiffs would be allowed to wield the state grand jury presentment as evidence in this federal forum, but the Defendants not be permitted to ask this Court, in fairness, to allow the Defendants to, as the Court put it, "undermine" the value of the grand jury presentment by establishing what the grand jury did not know; specifically, that the grand jury did not know of the criminality of

the Plaintiffs as influencing their conduct during this incident (a firearm, evidence of bank fraud, etc.).

The party seeking disclosure of grand jury proceedings must make a "strong showing of a particularized need in order to outweigh the public interest in secrecy." *Id.* (quoting *Brookings v. State*, 495 So.2d 135, 137-38 (Fla. 1986) (citing *United States v. Sells Eng'r, Inc.*, 463 U.S. 418, 443 (1983)). The Florida Supreme Court permits disclosure when it is "essential to the attainment of justice and the vindication of the truth." *Id.* (quoting *Minton v. State*, 113 So.2d 361, 365 (Fla. 1959). Defendants maintain they have done so here.

Notably as well, in *United States v. Quattrone*, Case No.: 03 CR.582(RO), 2003 WL 22253325 (S.D.N.Y. Sept. 30, 2003), a federal criminal defendant sought disclosure to him of state grand jury testimony of a "probable major prosecution witness" who was expected to testify in the federal criminal matter. *Id.*, at *1. The Southern District of New York noted that in New York, "[i]n determining whether to order disclosure of state grand jury testimony, 'federal law, and not state law, governs the scope of the privileges at issue.'" *Id.* (quoting *Ruther v. Boyle*, 879 F. Supp. 247, 249 (E.D.N.Y. 1995)).[1] The Southern District of New York noted it was "fully aware

---

[1] "A private party seeking the disclosure of grand jury materials "bears the burden of demonstrating a 'particularized need'" for the materials. *Quattrone*, 2003 WL 22253325, at *1 (quoting *Velasquez v. City of New York*, No. 97CIV.1647, 1997 WL 736698, at *1 (S.D.N.Y. Nov. 28, 1997)). "To establish a particularized need, an applicant must show that the material he seeks is needed to avoid a possible injustice in another proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material that is needed." *Id.* (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979)).

4

of the soundness of the reasons for secrecy of grand jury minutes, whether they be federal or state, I conclude here that the balance tilts in favor of the sought disclosure" as the grand jury testimony appeared to be directly-related to the anticipated testimony of a witness at trial, and the defendant sought only the portions of the state grand jury testimony that were applicable to trial issues. *Id.*

In *United States v. Silva*, 745 F.2d 840 (4th Cir. 1984), a defendant was convicted in the United States District Court for the Southern District of South Carolina of possession of a firearm after conviction and harboring and concealing a fugitive. In an effort to impeach the testimony of a prosecution witness, the defendant's counsel subpoenaed her previous state grand jury testimony in Florida. *Id.*, at 844-45. Upon request by the assistant state attorney, the district court examined the grand jury minutes *in camera* to determine whether any inconsistencies existed between the proceedings and the in-court testimony. *Id.*, at 845. The district court reported no substantial conflicts in the two testimonies but said there were minor differences as to times. *Id.*

The Fourth Circuit Court of Appeals utilized the federal standard in Fed. R. Crim. P. 6(e) in determining whether it was error to refuse to order production of the transcript of the Florida proceeding. *Id.*, at 847-47.[2] The court in *Silva* ultimately

---

[2] A district court may authorize disclosure of a grand jury matter preliminarily to or in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). This exception only applies when a party seeking material shows a particularized need for that material. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222–24 (1979). A party meets that standard when he shows that he needs the material he seeks to avoid a possible injustice in

5

decided that the possible impeachment value of the witness' grand jury testimony did not outweigh the need for continued secrecy and remarked that the proceedings in state court were still ongoing. *Id.*, at 846.³

Below are the questions which Defendants intend to ask the witness:

1. Was the grand jury told of or otherwise informed of the firearm that was in the Audi ?

2. Was the grand jury told of or otherwise informed of the firearm which fell from Jayden Baez as he was pulled from the vehicle after the incident?

3. Was the grand jury told of or otherwise informed of the bags of marijuana that were found in the Audi after the incident?

4. Was the grand jury told of or otherwise informed of the multiple identification cards, drivers licenses, and debit cards of persons other than the occupants of the Audi, which were found in the Audi after the incident?

5. Was the grand jury told of or otherwise informed of the downloads made from the Audi occupants' cell phones, including images or video showing Baez with the firearm which was found at the scene after the incident?

6. Was the grand jury told of or otherwise informed of the downloads made from the Audi occupants' cell phones, including images or video showing Lowe asking people on social media or by text to set up or allow their bank accounts be used by Lowe and/or Baez to commit bank fraud?

---

another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that his request is structured to cover only material so needed. *Id*. at 222.

³ "Where a grand jury is still deliberating, courts have held that 'the reasons for grand jury secrecy . . . apply with particular emphasis.'" *Id.*, at 846 (citing *United States v. Northside Realty Associates (In re Grand Jury Proceedings)*, 613 F.2d 501, 506 (5th Cir.1980); *In re Miami Federal Grand Jury No. 79–8*, 478 F.Supp. 490, 493 (S.D.Fla.1979); *Wisconsin v. Schaffer*, 565 F.2d 961, 967 (7th Cir.1977) (once grand jury has completed its work, reasons for secrecy become less compelling)). That is not an issue here as grand jury proceedings long ago concluded.

7. Was the grand jury told of or otherwise informed of the plan by the Audi occupants to rob a jewelry store, on the day of the incident, but which was not carried out?

8. As the presenter of the case to the grand jury, what is the legal standard the grand jury was given to criticize and make judgments about the Sheriff's Office's policies or procedures at issue during the incident?

## **CONCLUSION**

Defendants do not disagree that the presumption is in favor of grand jury secrecy. But, clearly, the law allows for exceptions. And, invocation of the phrase "grand jury secrecy" is too easy here because Plaintiffs have themselves injected the grand jury's conclusions into this case. Establishing what the grand jury was not presented with in this case does not undermine current or future grand jury proceedings, chill testimony from witnesses in the case, or otherwise actually prejudice the state or federal courts, witnesses, or parties.

If anything, ensuring that the jury in this case is not misled and does not misapply the state grand jury presentment—which was founded on an incomplete database—would reinforce public confidence in grand juries and demonstrate that grand jury presentments should not be considered out of the context of what the grand jury considered during its proceedings.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 16th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark E. NeJame, Esquire (*mark@nejamelaw.com*), Stephen J. Calvacca, Esquire (*stephen@nejamelaw.com*), DeLayne D. Penland, Esquire (*delayne@nejamelaw.com*) and Ryan J. Vescio, Esquire (*ryan@enjamelaw.com*), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801.

        *s/ Thomas W. Poulton*
        THOMAS W. POULTON, ESQ.
        Florida Bar No.: 83798
        *poulton@debevoisepoulton.com*
        JEFFREY K. GRANT, ESQ.
        Florida Bar No.: 91197
        *grant@debevoisepoulton.com*
        ANA CRISTINA CUELLO, ESQ.
        Florida Bar No.: 1010406
        *cuello@debevoisepoulton.com*
        DeBEVOISE & POULTON, P.A.
        Lakeview Office Park, Suite 1010
        1035 S. Semoran Boulevard
        Winter Park, Florida 32792
        Telephone: 407-673-5000
        Facsimile: 321-203-4304
        Attorneys for Defendants
        Sheriff Lopez, Koffinas and Yacoub