UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ; IAN JOI; and JOSEPH LOWE,

    Plaintiffs,

vs.

SCOTT KOFFINAS; RAMY YACOUB; and CHRIS A. BLACKMON,

    Defendants.

Case No. 6:23-cv-1824-GAP-RMN

## ORDER

This matter is before the Court without oral argument on Defendants' Motion to Compel, Stay the Case, or for Adverse Inference (Dkt. 54). Plaintiffs filed a response in opposition. Dkt. 62. The Motion has been referred to a magistrate judge for adjudication.

### I. BACKGROUND[1]

In the early evening of April 22, 2023, officers from the Osceola Sheriff's Office were training in a Target store parking lot in Kissimmee,

---

[1] The Background section of this order is a summary of the factual allegations asserted in the Amended Complaint and its attachment. *See* Dkt. 32.

Florida. One officer observed a vehicle with a covered license plate. Two men wearing facemasks and hoodies emerged from the car and entered the store.

Suspecting the men were about to commit a robbery, the officer alerted his colleagues, one of whom notified Target's loss prevention department. Using surveillance cameras, store employees observed the men and advised the Osceola Sheriff's Office that the men may have shoplifted a slice of pizza and a pack of Pokemon cards.

One of the men exited the store first, returning to the car. The car then relocated to a handicapped parking space closer to the door. Soon after, the second man exited and returned to the car.

Using four unmarked police cars, the officers then tried to execute a maneuver called vehicle block. One officer exited his vehicle during or just afterward. Also, the officers left enough space between the vehicles for the driver, Jayden Baez, to move the blocked car. And that is what happened.

Once the car began to move, two officers unholstered and discharged their firearms. Mr. Baez was killed. Two passengers, Joseph Lowe and Michael Gomez, were shot multiple times but survived. A third passenger, Ian Joi, was missed in the barrage.

In this case, the drivers and passengers of the blocked vehicle sue the Sheriff of Osceola County and the two officers who shot them.

Discovery has proceeded apace. In one deposition, Mr. Lowe declined to answer several questions, asserting his privileges under the Fifth Amendment to the United States Constitution.

Defendants move to compel Mr. Lowe to answer the questions put to him at his deposition, an order staying this case, or for a jury instruction on adverse inferences. Dkt. 54. The Motion is ripe for adjudication.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985). Indeed, Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

One privilege a party may assert in civil litigation is the Fifth Amendment's protection against self-incrimination. *See* U.S. Const. amend. V. This privilege "protects a person . . . against being incriminated by his own compelled testimonial communications." *United States v. Arqomaniz*, 925 F.2d 1349, 1352 (11th Cir. 1991) (quoting *Fisher v. United States*, 425 U.S. 391, 409 (1976)). It "can be asserted in any proceeding, civil or criminal, administrative or judicial,

investigatory or adjudicatory." *Id.* at 1352–53; *see also Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979).[2]

The Federal Rules of Civil Procedure also authorize litigants and others to invoke the privilege. For instance, the rule governing depositions allow parties to lodge objections during questioning and, if "necessary to preserve a privilege," the person being deposed may refuse to answer. *See* Fed. R. Civ. P. 30(c)(2). One may invoke the privilege if a question requires an answer that may subject him to criminal prosecution. *See In re Corrugated Container Anti-Tr. Litig.*, 620 F.2d 1086, 1091 (5th Cir. 1980). No pending criminal charges are required. *Id.* And one may invoke the privilege "even if the risk of prosecution is remote." *Id.*

### III.  ANALYSIS

I will first address Defendants' request to compel Mr. Lowe's testimony and then discuss their requests for a stay and an adverse inference instruction.

A.  **Request to Compel Testimony**

Defendants begin by asking for an order compelling Mr. Lowe to answer any deposition question to which he invoked his Fifth Amendment privilege. Dkt. 54 at 7. Defendants inform the Court that

---

[2] Decisions of the former Fifth Circuit rendered before October 1, 1981, are binding on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Mr. Lowe refused to respond to about 84 questions during his deposition. *Id.* at 2. Defendants contend that Mr. Lowe must show that there is a realistic chance of prosecution for his invocation of privilege to be proper. *Id.* at 7. Defendants also add that because the charges against Mr. Lowe relating to his arrest in April 2022 were dropped, the Court should order him to answer all questions put to him at his deposition. *Id.*

Mr. Lowe disagrees. *See* Dkt. 62. He contends that he pled the fifth only 78 times and only to questions relating to a cell phone found in the car or to alleged criminal activity unrelated to the dropped charges. *Id.* at 5–6. Mr. Lowe argues that Defendants "do not dispute that there is a valid basis for Fifth Amendment privilege invocation, as evidenced by the overwhelming accusations of criminal activity alleged" in the Motion. *Id.* at 2. He adds that the unanswered deposition questions are not relevant. *Id.* at 6.

The parties' arguments are, quite frankly, not how courts address privilege claims. Generally, when a witness asserts the privilege against self-incrimination, a "court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well founded." *United States v. Smith*, 429 Fed. App'x. 840, 843–44 (11th Cir. 2011) (citing *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)). To do this, courts review assertions of privilege on a

question-by-question basis. *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991).

But that is not what Defendants ask the Court to do. They wish the Court to decide the issue *en masse*, without consideration of the nuances posed by each question or proper consideration of the consequences of each answer. That is improper. For each question asked, binding precedent requires this Court to make two inquiries to determine whether an assertion of privilege is proper: (1) will the answer tend to reveal if the witness engaged in criminal activity; and (2) if yes, is there a risk of criminal prosecution? *See In re Corrugated Container Anti-Tr. Litig.*, 620 F.2d at 1091 (citing *Wehling*, 608 F.2d at 1087 n.5). For this reason alone, the request should be denied.

But the request also should be denied on the merits. Defendants overemphasize the fact that the charges against Mr. Lowe were dropped by state prosecutors. The lack of a pending criminal charge is not dispositive. *See In re Corrugated Container Anti-Tr. Litig.*, 620 F.2d at 1091. Nor is the remoteness of future charges. *See id.* Courts ask only if the answer to a question may be incriminating and, if so, if there is a chance of prosecution. *See id.*

And here, the only deposition question quoted in Defendants' Motion shows that Mr. Lowe properly invoked privilege. *See* Dkt. 54 at 3 (quoting Dkt. 54-1 at 26:14–20). Counsel asked, "Were you involved with Mr. Baez in a criminal enterprise whereby you would

have people put money into their accounts, take it out, and have that person then fraudulently claim to the bank that the money had been stolen?" *Id.* The answer to this question plainly would tend to reveal if Mr. Lowe had engaged in criminal activity for which he could be prosecuted.[3] And so, he properly invoked privilege.

### B. Request for a Stay

Relying on *Wheling*, Defendants suggest that this Court should stay this case until the statute of limitations runs on the dropped charges. Dkt. 54 at 7. I am not convinced. In *Wheling*, the plaintiff refused to answer certain questions put to him at a deposition. 608 F.2d at 1085. He had sued a broadcaster for libel for publishing an evening news story stating that the plaintiff defrauded his students and the federal government. *Id.* at 1086. Sometime later, a federal grand jury began an investigation. *Id.* The plaintiff appeared five times before the grand jury, each time asserting his Fifth Amendment privilege against self-incrimination. *Id.* He persisted when deposed in the libel action, even refusing to answer when ordered to do so by the district judge. *Id.* The court ultimately dismissed the plaintiff's claims as a sanction for violating a discovery order. *Id.*

---

[3] Although Defendants did not make specific arguments as to the other deposition questions, I have reviewed the deposition transcript and found no obviously unfounded assertions of privilege.

The former Fifth Circuit reversed on appeal, holding the district court erred when it concluded that the assertion of "privilege during pretrial discovery automatically required the dismissal" of the plaintiff's claims. *Wheling*, 608 F.2d at 1087. The court reasoned first that no provision in the Federal Rules of Civil Procedure authorized a court to sanction a party who asserts a valid claim of privilege. *Id*. And second, the court found dismissal unconstitutional. *Id*. at 1087–88. By ordering the plaintiff to "answer the questions posed to him at his deposition or suffer dismissal of his lawsuit for failure to make discovery," *id*. at 1086, the Fifth Circuit found that the district court inappropriately "forced plaintiff to choose between his silence and his lawsuit." *Id*. at 1088.

The Fifth Circuit instructed district courts to balance the interests of the parities when considering the complications caused by an assertion of privilege. *Wheling*, 608 F.2d at 1088. The court noted that "a civil plaintiff has no absolute right to both his silence and his lawsuit." *Id*. Nor "does the civil defendant have an absolute right to have the action dismissed anytime a plaintiff invokes his constitutional privilege." *Id*. Dismissal is appropriate, according to the court, "only where other, less burdensome, remedies would be an ineffective means of preventing unfairness to defendant." *Id*. Because the plaintiff's request to stay the libel action did not unduly burden the broadcaster, the panel concluded that the district court erred. *Id*. at 1089.

*Wheling* is not very instructive here. True, it is an example of a case in which a stay was found to be appropriate. But the parties here have not offered the same kind of balance-of-the-interest arguments presented in *Wheling*. Defendants simply suggest a stay is possible; Plaintiffs contend only that a stay would unnecessarily delay this case. Absent an agreement of the parties, or a showing that Defendants would be prejudiced,[4] a stay is unwarranted.

### C. Request for an Adverse Inference Jury Instruction

Finally, Defendants also ask the Court to consider using an adverse inference instruction when it charges the jury. Dkt. 54 at 7. This request is premature and underdeveloped. The Court does not yet know what testimony will be offered at trial or its admissibility. On the one hand, the parties could present their cases in a way that requires no witness to claim privilege.[5] On the other hand, they could offer parts of the deposition testimony, if it is admissible, knowing that the same instruction would apply to the deposition testimony of their own witnesses. *See, e.g.*, *United States v. A Single Fam. Residence*, 803 F.2d 625, 630 n.4 (11th Cir. 1986) (approving of an adverse inference drawn from deposition testimony presented at trial). In any event, a decision

---

[4] The *Wheling* court held that prejudice must be established before the Court may impose a remedy on a party. 608 F.2d at 1089.

[5] Given recent events, all parties may find it prudent to limit the presentation of certain evidence and testimony at trial.

on the propriety of a jury instruction is best made in the crucible of trial after the evidence is admitted and the parties have developed arguments in support of their positions in motions in limine and trial briefs.

### IV.  CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Compel, Stay the Case, or for Adverse Inference (Dkt. 54) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 28, 2025.

ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record