**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL GOMEZ, JOSEPH LOWE,
IAN JOI, and ALEJANDRO BAEZ
and JOSEPHINE CARTAGENA as
Co-Representatives of the Estate of
JAYDEN BAEZ,

Case No: 6:23-cv-1824-GAP-RMN

      Plaintiffs,

v.

SCOTT KOFFINAS, RAMY
YACOUB, and CHRIS A.
BLACKMON, in his official capacity
as Sheriff of Osceola County,

      Defendants.
_____/

**ORDER**

This cause came before the Court on Plaintiffs' Motion Requesting Further Discovery and Extension of Deadlines. Doc. 134.

On July 3, 2025, this Court granted Plaintiffs Michael Gomez, Joseph Lowe, Ian Joi, and Alejandro Baez and Josephine Cartagena as Co-Representatives of the Estate of Jayden Baez's ("Plaintiffs' ") request to reopen discovery for the limited purpose of deposing former Osceola County Sheriff, Marcos Lopez ("Lopez"). Doc.

120. On August 7, 2025, the Court stayed all remaining deadlines in the Case Management and Scheduling Order ("CMSO") pending completion of Lopez's deposition. Doc. 130. After conducting Lopez's deposition on August 20, 2024, Plaintiffs filed the instant Motion to request that discovery be reopened to further investigate Lopez's involvement and other issues that arose from the deposition. *See* Doc. 134 at 2-5.

Plaintiffs filed their Motion with a cover sheet stating, "TO BE FILED UNDER SEAL." *Id.* at 1. Local Rule 1.11(a) requires that "[s]ealing a docketed item…requires a reason sufficiently compelling to overcome the presumption of public access." Indeed, a *motion* to seal must describe the item and establish that sealing is necessary within a legal memorandum, among other requirements. *See* Local Rule 1.11(b).

Plaintiffs' Motion fulfills none of these requirements; apart from the title stating, "TO BE FILED UNDER SEAL[,]" Plaintiffs do not discuss the necessity or propriety of sealing their Motion whatsoever. *See generally id.*; Local Rule 1.11 *et seq*. Moreover, the Court cannot construe the Motion as a motion to seal because, like any other motion, it triggers a duty to confer in good faith. *See* Local Rule 3.01(g). Plaintiffs' Certification in its Motion does not relay Defendants' position regarding a motion to seal; it simply states that they "object[] to Plaintiffs' request to re-open discovery." Doc. 134 at 6.

Accordingly, it is **ORDERED** that Plaintiffs' Motion Requesting Further Discovery and Extension of Deadlines is hereby **DENIED without prejudice**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 8, 2025.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party