UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

      Plaintiffs,

v.                                            CASE NO.: 6:23-CV-1824-GAP-RMN

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
CHRIS A. BLACKMON, in his official capacity
as Sheriff of Osceola County,

      Defendants.
_____/

## JOINT RESPONSE TO ORDER TO SHOW CAUSE

The Parties, pursuant to this Court's Order to Show Cause entered on October 8, 2025, requiring the parties to show good cause as to the status of Plaintiff Ian Joi in the instant cause of action, states as follows:

1. On April 11, 2025, Plaintiffs Michael Gomez, Joseph Lowe, Ian Joi, and Alejandro Baez and Josephine Cartegena as Co-Representatives of the Estate of Jayden Baez filed an Amended Complaint against Defendants Scott Koffinas, Ramy Yacoub, and Chris A. Blackmon, in his capacity as Sheriff of Osceola County [Dkt. 32].

2. During the process of drafting the Amended Complaint, several drafts were prepared before the final draft was submitted for filing on April 11, 2025 [Dkt. 32].

3. Through oversight in the final review process, the last sentence of ¶ 37 of the Amended Complaint, which alleges that Ian Joi is no longer a plaintiff is this action, was inadvertently left in the final, filed version of the Amended Complaint.

4. As the Court recognizes in its Order to Show Cause [Dkt. 142], Ian Joi is referenced in both the caption of the Amended Complaint and maintains individual causes of action against Defendants Ramy Yacoub and Scott Koffinas. Ian Joi also maintains a cause of action against the Sheriff of Osceola County, consolidated with each co-Plaintiff.

5. The language at issue was made in error and does not align with the intent of Ian Joi to maintain his claims against the Defendants.

6. Ian Joi has remained an active participant in this litigation.

7. Defendants are not privy to the communications between Joi and Plaintiffs' counsel at the time of filing of the Amended Complaint, and are therefore unable to comment on Joi's intent at the time of the filing of the Amended Complaint as to whether he remained a plaintiff and the apparent contradictory positions he took at the time. Joi has since then been addressed in the litigation as a named Plaintiff such that Defendants maintain that, if the Court proceeds with him as a

named plaintiff, then the Defendants are entitled to summary judgment on his claims for the reasons stated in the Motion for Summary Judgment [Dkt. 78].

8. Striking the sentence at issue resolves the contradicting effect of which its erroneous inclusion has resulted.[1]

9. Plaintiffs seek the Court's direction as to which method it prefers to resolve the stated issue, ie: Motion to Correct, Motion to Strike, Motion for Leave to Amend Pleading, or other preferred avenue.

**WHEREFORE** the Parties respectfully request the Court discharge the October 8, 2025 Order to Show Cause and Plaintiff seeks guidance on the Court's preferred method of resolution, as outlined above.

DATED this 17th day of October, 2025.

| | |
|---|---|
| *s/ DeLayne Penland* | *s/ Thomas Poulton* |
| DeLAYNE D. PENLAND, ESQ. | THOMAS W. POULTON, ESQ. |
| Florida Bar No.: 1024836 | Florida Bar No.: 83798 |
| delayne@nejamelaw.com | poulton@debevoisepoulton.com |
| NeJAME LAW, PA | DeBEVOISE & POULTON, P.A. |
| 111 North Orange Avenue | 1035 South Semoran Blvd. |
| Suite 1300 | Suite 1010 |
| Orlando, Florida 32801 | Winter Park, Florida 32792 |
| *Attorney(s) for Plaintiffs* | *Attorney(s) for Defendants* |

---

[1] In response to ¶ 37, the Defendants stated "denied." (Doc. 33, response to ¶ 37). Counsel have discussed this and do not see a need to reform this response since the paragraph included other factual allegations which were denied on a factual basis and the Defendants denied the claims in the counts referencing Joi. In the event the Court disagrees, the Defendants would seek leave under the circumstances to amend their Answer and Affirmative Defenses to more specifically draw the denial to the portions of ¶ 37 which were denied as to assertions of fact, as opposed to Joi's status as a named Plaintiff."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of October 2025, that a true and correct copy of the foregoing has been filed using the CM/ECF portal filing system which will send an electronic copy of the foregoing to: Thomas W. Poulton, Esquire (poulton@debevoisepoulton.com), DeBEVOISE & POULTON, P.A., 1035 S. Semoran Boulevard, Suite 1010, Winter Park, Florida 32792.

/s/ *DeLayne D. Penland*
DeLayne D. Penland, Esquire
Florida Bar Number: 1024836
Ryan J. Vescio, Esquire
Florida Bar Number: 14032
Mark E. NeJame, Esquire
Florida Bar Number: 310931
NEJAME LAW, P.A
111 N. Orange Ave., Ste. 1300
Orlando, FL 32801
PH: (407) 500-0000
F: (407) 802-1448
delayne@nejamelaw.com
ryan@nejamelaw.com
mark@nejamelaw.com
PI@nejamelaw.com
*Attorney(s) for Plaintiffs*

4