**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL GOMEZ, an individual,
JOSEPH LOWE, an individual,
IAN JOI, an individual, and
ALEJANDRO BAEZ and JOSEPHINE
CARTAGENA, as Co-Representatives
Of the Estate of JAYDEN BAEZ,

       Plaintiffs,

v.                                CASE NO.:  6:23-CV-1824-GAP-RMN

SCOTT KOFFINAS, an individual
RAMY YACOUB, an individual
CHRIS A. BLACKMON, in his official capacity
as Sheriff of Osceola County,

       Defendants.

_____/

# Amended Uniform Case Management Report

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference by exchanging emails and a draft amended CMR, ending on October 30, 2025. **DeLayne Penland,** and **Thomas W. Poulton, Esq.,** engaged in these communications.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | **Completed** |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | **N/A** |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | **Completed** |
| | Defendant | **Completed** |
| | Rebuttal | **Completed** |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | **Completed** |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | **N/A** |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | **Completed** |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | | **Completed** |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | **02/20/2026** |
| Deadline for filing the joint final pretrial statement, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | **03/02/2026** |
| All Other Motions Including Motions in Limine | | **01/30/26** |

| | |
|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | **03/23/2026** |
| Month and year of the trial term. | **04/07/2026** |

The trial will last approximately 7 days and be

☒ jury.
☐ non-jury.

## 3. Description of the Action

THIS CASE INVOLVES USE OF FORCE BY OSCEOLA COUNTY SHERIFF'S DEPUTIES. THE INCIDENT INVOLVED ONE DEATH AND INJURIES TO SEVERAL OTHER PLAINTIFFS. PLAINTIFFS BRING § 1983 CLAIMS AGAINST THE TWO DEPUTIES INVOLVED, IN THEIR INDIVIDUAL CAPACITIES, AND A §1983 CLAIM AGAINST THE SHERIFF IN HIS OFFICIAL CAPACITY. THE DEFENDANTS DENY ALL CLAIMS AND HAVE RAISED VARIOUS AFFIRMATIVE DEFENSES.

## 4. Disclosure Statement

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

3

6.  **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7.  **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8.  **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9.  **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒  Yes.
☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects:  **Issues set forth in the Complaint and Affirmative Defenses.**

C.  Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐  No.
☒  Yes; describe the issue(s).    Plaintiffs may seek to discover ESI regarding the incident and deputy reports and documents related to the incident.

E.  ☒    The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

The parties do not seek a change to the rules at this time, but Plaintiffs note that in all likelihood they will seek more than ten depositions in that they are aware of more than ten critical witnesses to the incident.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

DATED this 30th day of October 2025.


*s/ DeLayne Penland*
MARK NEJAME, ESQ.
Florida Bar No.:  310931
*mark@nejamelaw.com*
DeLAYNE PENLAND, ESQ.
Florida Bar No.:  1024836
*delayne@nejamelaw.com*
MICHELLE INCANDELA, ESQ.
Florida Bar No.:  577881
*michelle@nejamelaw.com*
NEJAME LAW, P.A.
189 South Orange Avenue, Suite 1800
Orlando, Florida 32801
Telephone:  407-500-0000
Facsimile:   407-802-1448
Attorneys for Plaintiffs

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  83798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.:  91197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of October, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark E. NeJame, Esquire (*mark@nejamelaw.com*), Stephen J. Calvacca, Esquire (*stephen@nejamelaw.com*), DeLayne D. Penland, Esquire (*delayne@nejamelaw.com*) and Ryan J. Vescio, Esquire (*ryan@enjamelaw.com*), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801.

<div style="margin-left:50%">

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 83798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 91197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
Attorneys for Defendants
Sheriff Blackmon, Koffinas and Yacoub

</div>