UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL GOMEZ, JOSEPH LOWE,
IAN JOI, ALEJANDRO BAEZ and
JOSEPHINE CARTAGENA,

    Plaintiffs,

v.                                CASE NO.: 6:23-cv-1824-GAP-RMN

SCOTT KOFFINAS, RAMY YACOUB and
CHRIS A. BLACKMON,

    Defendants.
_____/

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

    Defendants Koffinas, Yacoub and Blackmon, by and through undersigned counsel and pursuant to Local Rule 3.01(i), file this Notice of Supplemental Authority in support of Defendants' Motion for Summary Judgment filed on May 16, 2025 (Doc. 78), to identify the following published opinion issued by the Eleventh Circuit on December 9, 2025: ***Settle v. Collier*, --- F.4th ---, Case No. 24-12436, 2025 WL 3522117 (11th Cir. Dec. 9, 2025).** Pursuant to Local Rule 3.01(i)(3), Defendants provide a succinct quotation from this authority:

> Even if the truck never moves, Collier could reasonably perceive that Settle's vehicle was a deadly weapon. He reasonably interpreted Settle's starting the engine and putting it into gear as escalatory. Common sense would suggest that Settle's next step would be to drive—not to remain stationary. Settle had already resisted arrest; by starting the truck engine and putting it into gear, Collier reasonably believed that Settle intended to escape in reckless disregard of the officers' safety or to evade arrest by injuring them. By starting the engine and putting the transmission into gear, Settle converted his truck into a "deadly weapon with which [he] was armed." *Id.* [*Pace v. Capobianco*, 283

F.3d 1275] at 1282 [(11th Cir. 2002)]. And because Collier had probable cause to believe Settle intended to drive the truck dangerously, he was not "require[d] … to wait [to fire] until the moment" that Settle drove it. *Long* [*v. Slaton*]*,* 508 F.3d [576] at 581 [(11th Cir. 2007)].

* * *

The estate insists that Collier was unreasonable in firing because he "was not in the path of the truck" and was about eight feet away when he fired. This argument answers the wrong question. Reasonableness hinges on the perspective of the officer, so the more apt question is whether Collier could have *reasonably perceived* that he was in the path of the vehicle and that his safety was in danger. *See Tillis v. Brown*, 12 F.4th 1291, 1299 (11th Cir. 2021). And we do not impose on officers "the benefit of hindsight." *Baxter*, 121 F.4th at 890. When officers must make split-second judgments, we accept that they "d[o] not have time to calculate angles and trajectories to determine whether [they are] a few feet outside of harm's way." *Tillis*, 12 F.4th at 1299.

*Settle*, 2025 WL 3522117 at *4-5.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark E. NeJame, Esquire (*mark@nejamelaw.com*), Stephen J. Calvacca, Esquire (*stephen@nejamelaw.com*), DeLayne D. Penland, Esquire (*delayne@nejamelaw.com*) and Ryan J. Vescio, Esquire (*ryan@enjamelaw.com*), NEJAME LAW, P.A., 189 South Orange Avenue, Suite 1800, Orlando, Florida 32801.

*s/ Jeffrey K. Grant*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
Attorneys for Defendants
Koffinas, Yacoub and Blackmon