# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL GOMEZ, JOSEPH LOWE,
IAN JOI, and ALEJANDRO BAEZ
and JOSEPHINE CARTAGENA as
Co-Representatives of the Estate of
JAYDEN BAEZ,

Case No: 6:23-cv-1824-GAP-RMN

Plaintiffs,

v.

SCOTT KOFFINAS, RAMY
YACOUB, and CHRIS A.
BLACKMON, in his official capacity
as Sheriff of Osceola County,

Defendants.
_____/

## ORDER

This cause came before the Court upon Defendants' Motion for Reconsideration of the Court's Order denying Defendants' *Daubert* Motion to Exclude Portions of Mr. Terpstra's Expert Testimony or In the Alternative, to Allow Defendants to disclose Sur-Rebuttal Expert on Human Factors Doc. 162; *see* Doc. 161. Plaintiffs have not Responded.

**I.  Background**

On December 2, 2025, the Court docketed an Order denying Defendants' *Daubert* Motion to Exclude Portions of Mr. Terpstra's Expert Testimony. Doc. 161; *see also* Doc. 111; Doc. 121; Doc. 124. Toby Terpstra ("Terpstra") is a photogrammetry expert engaged by Plaintiffs to rebut the conclusions of Defendants' expert, Dr. Steven Rundell ("Rundell"). *See, e.g.*, Doc. 111, ¶ 7.

Rundell reached the following conclusion in his report:

> **Sergeant Koffinas' line of sight to Sergeant Yacoub throughout the sequence of the event became obstructed by the Ram.**
>
> The Use of Force Investigation report indicated that Sergeant Koffinas stated: "I saw Sergeant Yacoub for a split second and then he was gone. I thought he got run over and killed by the car because the car was still accelerating and that's when I fired through the back window at the driver because I actually thought he killed Sergeant Yacoub."
>
> As Sergeant Koffinas parked the Chevrolet Express, Sergeant Yacoub would have been in his available line of sight (Figure 26 amd Figure 27). As the Audi moved forward through the vehicle block toward the right side of the Ram, Sergeant Yacoub would have needed to lower his body into a proper shooting position such that he could accurately fire in the direction of the Audi's driver. Consequently, Sergeant Yacoub would have exited the line of sight of Sergeant Koffinas as he approached from the location of the Chevrolet Express.

Doc. 100-1 at 34 (emphasis original).

Defendants again object to the following conclusion in Terpstra's rebuttal report:

> If Sergeant Yacoub fired his weapon before Sergeant Koffinas, Sergeant Koffinas could have heard Sergeant Yacoub's shots. If Sergeant Yacoub fired his weapon after Sergeant Koffinas fired

>> his weapon, then he began firing more than 1.7 seconds after
>> the Audi was blocked from any further movement.

Doc. 95-1 at 6.

In its Order, the Court concluded that "Terpstra's opinions counteract Dr. Rundell's evidence" and that they "do not address who fired the first shot, the duration of the gunfire, or the officers' reaction times." Doc. 161 at 12. It further explained that Terpstra's opinions "rebut Dr. Rundell's assumptions regarding Sergeant Koffinas's testimony on the timing of his shots—testimony that he uses to support his conclusions regarding the sequence of this dispute's events." *Id.*

Defendants find these conclusions to be contradictory. They are not.

## II.     Legal Standard

"Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." *United States v. Okonkwo*, No. 6:14-cr-5-Orl-40GJK, 2020 WL 5264914, *1 (M.D. Fla. Aug. 10, 2020). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted).

### III. Analysis

Reconsideration is an extraordinary remedy and Defendants have failed to raise any new argument to distinguish the instant motion from their *Daubert* motion. *See id.* Instead, they rehash the same "thesis" that Rundell "offered no opinion as to timing of shots." Doc. 162 at 5; *see* Doc. 111 at 2, 14-16; Doc. 124 at 1-4 ("Rundell offered no opinion as to timing of shots."). As demonstrated by Rundell's third conclusion, this is simply not the case. *See* Doc. 100-1 at 34.

Rundell offered an opinion that Koffinas' line of sight "throughout the sequence of the event became obstructed by the Ram." Doc. 100-1 at 34. He then concludes that Yacoub "would have needed to lower his body into a proper shooting position" to fire towards the Audi and, "*[c]onsequently*, Sergeant Yacoub would have exited the line of sight of Sergeant Koffinas as he approached." *Id.* (emphasis added). This opinion obviously implies that Yacoub must have fired first—if Koffinas didn't fire until Yacoub was out of sight, and Yacoub had to crouch down to shoot, *and* Koffinas' "line of sight to Sergeant Yacoub *throughout* the sequence of the event became obstructed by the Ram," then Yacoub must have crouched down to shoot before Koffinas fired.[1] *See id.* (emphasis added).

---

[1] It also more broadly implies that Yacoub did not fire until some time after Koffinas parked the Chevrolet Express by concluding that Yacoub would have been in Koffinas' line of sight "as [he] parked the Chevrolet Express"—in other words, Yacoub would not have been crouched down "into a proper shooting position." Doc. 100-1 at 34.

Terpstra's "if-then" conclusions are similar logical deductions derived from his *own* expert opinion regarding what the video shows—when vehicles and individuals are shown in certain places.[2] *See* Doc. 95-1 at 6; *See Jones v. Otis Elevator Co.*, 861 F.2d 655, 662-63 (11th Cir. 1988) (holding that relevant expert testimony is admissible "which connects conditions existing later to those existing earlier provided the connection is concluded logically."). As the Court has already explained, these opinions squarely rebut those offered by Rundell. *See* Doc. 95-1 at 6; Doc. 100-1 at 34; Doc. 161 at 9, 12. Defendants' contrived distinction between Rundell's opinions—which are purportedly restricted to the "movement of the Audi"—and Terpstra's opinions is frivolous: Rundell's third opinion has little to do with the movement of the Audi and unabashedly focuses on the timing and nature of Koffinas and Yacoub's movements as they fired. *Compare* Doc. 162, ¶ 6 *to* Doc. 100-1 at 34.

Defendants have raised no new arguments and otherwise fail to identify any clear error or mistake by the Court. Therefore, reconsideration is not warranted. *See supra* at sec. II.

---

[2] These conclusions are not opinions that one deputy or another fired first, or opinions about reaction time or duration of gunfire; they are potential scenarios based upon when Terpstra determined the Audi's forward movement stopped and when Koffinas became visible in the surveillance videos. *See* Doc. 95-1 at 6. This is precisely the method Rundell employed to reach his third opinion, except Rundell also opined on the shooting stance that Yacoub "would have needed" to be in to fire his shots. Doc. 100-1 at 34. So, it would appear that Defendants already have at least some expert opinion regarding human factors.

Terpstra's application of simple logic to his scientifically derived opinions does not warrant the eleventh-hour necessity of a sur-rebuttal expert on human factors either. Doc. 162, ¶ 7; *see* Doc. 161 at 9. Again, Plaintiffs are not advancing a new theory of liability based on timing of shots—to the extent that this issue was not patently obvious on the face of the Complaint (it was), Defendants' expert was the first to opine on the issue so Terpstra was entitled to rebut those opinions. *See* Doc. 161 at 12; *see also* Doc. 1, ¶¶ 26-36. Moreover, the Court has already extended discovery and expert deadlines in this case and it has been clear from the outset that reaction times and other human factors were at play in this case. *See* Doc. 40; Doc. 50; Doc. 126; Doc. 128; Doc. 130. Defendants' counsel's failure to secure a desired expert within the deadlines set by the Court is nobody's fault but their own.[3] *See also supra* at note 2.

### IV. Conclusion

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration of this Court's Order (Doc. 161) and Motion for Leave to Disclose Sur-Rebuttal Expert on Human Factors are hereby **DENIED**.

---

[3] The Court also notes that there are human factor and reaction time issues that are central to Plaintiffs' case as well; both parties will be on equal footing when it comes to presenting such evidence at trial. *See, e.g.,* Doc. 157 at 14-16.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 11, 2025.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party